## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAWURAYRASSUNA | : | |
| EMMANUEL NOVIHO, | : | Civil Action No. 15-cv-03151 |
| Plaintiff | : | |
| | : | Jury Trial Demanded |
| v. | : | |
| | : | Honorable Jeffrey Schmehl |
| LANCASTER COUNTY PENNSYLVANIA: | | |
| SCOTT F. MARTIN, | : | |
| TODD E. BROWN, and | : | |
| CHRISTOPHER DISSINGER, | : | |
| Defendants | : | |

## REPLY BRIEF OF DEFENDANT CHRISTOPHER DISSINGER

## I.   FACTUAL AND PROCEDURAL HISTORY

On or about August 17, 2015, Plaintiff filed a Brief in Opposition to Defendant Dissinger's Motion to Dismiss. *See* Doc. 16. Though a large portion of Plaintiff's Brief is devoted to a rehashing of the allegations made in the Complaint, the core of the legal arguments made by Plaintiff can be summarized as follows. First, while Plaintiff concedes that he was convicted of three Motor Vehicle code violations, he asserts that these convictions are not for "crimes" but rather are "summary offenses" which are not subject to arrest under the circumstances present here where the "offenses" were not committed in the presence of the arresting officer. *See* Plaintiff's Brief at Page 10 and 11. On this basis, Plaintiff asserts the Fourth Amendment Seizure claims, set forth in Count II of the Complaint, should withstand Defendant

Dissinger's Motion to Dismiss.

Defendant Dissinger submits that this argument improperly conflates Pennsylvania criminal procedure with the Fourth Amendment's constitutional reasonableness requirement. Simply put, the focus of the Fourth Amendment is upon the objective reasonableness of an officer's conduct. There is no question that the facts pled in Plaintiff's Complaint demonstrate that Defendant Dissinger had ample evidence to support the reasonable conclusion that at least three motor vehicle code offenses had been committed and that Plaintiff had committed those offenses. Indeed, Plaintiff concedes, as he must, that the facts discovered in Defendant Dissinger's investigation not only supplied him with probable cause, but were sufficient to support a conviction on three of the offenses with which Plaintiff was charged.

The Third Circuit has addressed and resolved similar arguments in favor of dismissal of claims for Fourth Amendment violations where probable cause was established despite a failure to follow applicable criminal procedures. Accordingly, this argument in opposition to the entry of judgment against Plaintiff on the Fourth Amendment Seizure claims is without merit.

Plaintiff also argues against Defendant Dissinger's Motion to Dismiss Plaintiff's malicious prosecution claim based upon the analysis utilized by the Third Circuit in *Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007). Plaintiff submits, contrary to Dissinger's position, that probable cause for one of the offenses charged does ***not*** protect against malicious prosecution claims for the other charges. As noted in

Defendant's Brief in Support of Motion to Dismiss (Doc. 12-3), the Third Circuit in *Wright v. City of Philadelphia*, 409 F.3d 595, 604 (3d Cir. 2005), held that a finding of probable cause with respect to one of the claims asserted against a criminal defendant precludes a malicious prosecution claim with respect to all charges. *See, Wright*, 409 F.3d at 604. As discussed below, *Wright* is controlling on this issue and disposes of Plaintiff's malicious prosecution claims.

Plaintiff also asserts that the underlying criminal prosecution terminated favorably to him. Dissinger argues that in order to survive a motion to dismiss on a malicious prosecution claim, Plaintiff must "show" that the underlying criminal prosecution resulted in a "favorable termination." Dissinger asserts that the three vehicle code convictions are inextricably intertwined with the accident that gave rise to all charges against Plaintiff. Accordingly, Dissinger argues, Plaintiff's argument ignores the fact that these three convictions are demonstrate fault, and are inconsistent with a finding of innocence on the part of Plaintiff, even if they were insufficient to support the criminal homicide convictions. In support of his argument, Plaintiff observes that the that the *jury* disposed of the claims in which Plaintiff's trial defense was successful, while the *Trial Court* disposed of the other violations in which the Plaintiff was found guilty. As discussed below, the notion that the identity of the fact finder determining guilt in the underlying criminal proceeding matters for purposes of determining whether a criminal proceeding "terminated favorably" lacks support

of any precedent, and is further unsupported by any logical premise.  Accordingly, a

reply to Plaintiff's Brief in Opposition is warranted.


## II.   STATEMENT OF QUESTIONS PRESENTED

**A.   WHETHER ALLEGED PROCEDURAL IRREGULARITIES ASSOCIATED WITH PLAINTIFF'S ARREST ARE   IRRELEVANT TO PLAINTIFF'S  FOURTH AMENDMENT SEIZURE CLAIMS?**

*(Answered in the affirmative.)*

**B.   WHETHER THE THIRD CIRCUIT HAS DECLARED A FINDING OF PROBABLE CAUSE FOR AT LEAST ONE OF THE OFFENSES WITH WHICH A CRIMINAL DEFENDANT IS CHARGED IS DISPOSITIVE OF A SUBSEQUENT MALICIOUS PROSECUTION CLAIM ON ALL CHARGES?**

*(Answered in the affirmative.)*

**C.   WHETHER THE DISTINCTION BETWEEN THOSE OFFENSES RESOLVED BY THE TRIAL COURT AND THOSE RESOLVED BY THE JURY IS IRRELEVANT TO THE QUESTION WHETHER THE UNDERLYING CRIMINAL PROSECUTION "TERMINATED FAVORABLY" TO PLAINTIFF?**

*(Answered in the affirmative.)*


## III.   ARGUMENT

**A.   THE ALLEGED PROCEDURAL IRREGULARITIES ASSOCIATED WITH PLAINTIFF'S ARREST ARE   IRRELEVANT TO PLAINTIFF'S  FOURTH AMENDMENT SEIZURE CLAIMS.**

Defendant Dissinger argues that  probable cause to charge and arrest Plaintiff

on the three charges for which he was convicted, bars all claims for "unlawful

seizure," "wrongful arrest" and "wrongful imprisonment." Plaintiff does not take issue with this argument as a general proposition, but instead argues that the argument "fails at its inception" because these charges "were not arrestable offenses under the circumstances." *See* Plaintiff's Brief at Pages 10-11. This argument improperly conflates the relevant Fourth Amendment analysis attendant to Plaintiff's current Section 1983 claims and the state law procedural analysis relevant to state law convictions for summary offenses not committed in the presence of the arresting officer.

Simply put, Plaintiff's Section 1983 claims are founded on the Fourth Amendment. The Fourth Amendment requires that there be probable cause for any governmental "seizure." Under the Fourth Amendment, an arrest is lawful so long as it is supported by probable cause. Probable cause exists whenever reasonably trustworthy information or circumstances within an arresting officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed by the person being arrested. *See*, *United States v. Laville*, 480 F.3d 187, 194 (3d Cir. 2007).

In *Huff v. Cheltenham Twp.*, WL 4041963 (E.D. Pa. July 1, 2015), the court was confronted with a circumstance remarkably similar to that in the instant case. In *Huff*, a longstanding domestic dispute existed between Ms. Huff and her significant other, Mr. Porter. Stories varied widely regarding the most recent episode of their

domestic difficulties that resulted in charges being filed against both individuals.  It was uncontested however, that both Ms. Huff and Mr. Porter showed signs of injury and that Ms. Huff threw Mr. Porter's cell phone into the street where it "shattered." Following an investigation by the arresting officers,  Ms. Huff and Mr. Porter were arrested and charged with disorderly conduct. In contrast to the instant case, ***all*** the charges against Ms. Huff were eventually dismissed by a magistrate judge. As in the instant case, Ms. Huff brought charges for false arrest and malicious prosecution.  In opposition to these claims, the arresting officers noted that they at least had probable cause to arrest Huff on the charge of criminal mischief because she admitted to breaking Mr. Porter's phone.

In this very recent and well-reasoned decision authored by Judge Pappert, this Honorable Court began its analysis by observing that the Fourth Amendment prohibits arrests without probable cause.  *See, Berg v. Cnty. of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000).  While probable cause requires more than a reasonable suspicion, it does not require the same type of "specific evidence of each element of the offense as would be needed to support a conviction." *See, Reedy v. Evanson*, 615 F.3d 197, 211 (3d Cir. 2010) *cited with approval Huff*, 215 WL 4041963, slip op. at p. 3.

As in the instant case, the charge against Ms. Huff was for a summary offense, and, as in the instant case, that offense was not committed in the presence of the

arresting officer.  Like Plaintiff in the instant case, Ms. Huff argued that as the charge against her was for a summary offense, her arrest offended the Fourth Amendment because the offense was not committed in the officer's presence.  Unlike the instant case, there were no other charges supported by neutral and independent witnesses that would have supported an arrest and in contrast to the instant case, all charges against Ms. Huff were dismissed by the Magistrate Judge.  Nevertheless, Ms. Huff's argument continued, as Plaintiff's does here, that pursuant to the Rules of Criminal Procedure, an arrest without a warrant for a summary offense not committed in the presence of the arresting officer  is permitted in only a discreet number of offenses and that the charges against her were not among them.

The Eastern District Court rejected Ms. Huff's argument for the same reason that this Honorable Court should reject Plaintiff's argument herein: because the Fourth Amendment reasonableness analysis is not dependant upon  Pennsylvania Criminal Procedure, but upon whether the "seizure" was supported by probable cause. The *Huff* court noted that the Third Circuit's decisions in *Primrose v. Mellott*, 541 F. App'x 177 (3d Cir. 2013), and *United States v. Laville*, 480 F.3d 187 (3d Cir. 2007), make it clear that the mere failure to follow the state Rules of Criminal Procedure is not dispositive of the touchstone probable cause requirement that lies at the heart of Fourth Amendment claims.  More specifically, the *Huff* court cited *Primrose* with approval for the following proposition:

> *"Primrose* contends, under Pennsylvania law, a police officer does not have authority to arrest a person for a 'summary offense' that takes place out of the presence of a police officer. Of course, ***that is not the test we apply for finding probable cause under the Fourth Amendment when evaluating a false arrest claim***. 'A significant body of case law makes clear … why a Fourth Amendment determination cannot turn on the exigencies of the law of a particular state or territory….'"

*Huff*, 2015 WL 4041963, slip op. at p. 6 *citing Primrose*, 541 F. App'x at 181.

The *Huff* court's analysis noted that our Third Circuit has made it clear that the validity of an arrest under state law should not be confused with the Fourth Amendment concept of reasonableness. The Huff Court observed that the "validity of an arrest under state law is at most a factor that a court may consider in assessing the broader question of probable cause." *Id*. slip op. at p. 6.

The Third Circuit has recognized that "the probable cause required to extinguish a false arrest claim under the Fourth Amendment is a separate inquiry from procedures an individual state authorizes by statute." *Id*. slip op. at p. 6. *See also*, *Levine v. Rodden*, 2015 WL 215178 at p. 5 (E.D. Pa. May 7, 2015) (while Pennsylvania Rules of Criminal Procedure prohibit warrantless arrests for misdemeanors committed outside the presence of the arresting officer, these Rules alone do not automatically imply similar prohibition in the United States Constitution that could become the basis for a Section 1983 claim); *Milborne v. Baker*, 2012 WL 1889148, slip op. at p. 9 (E.D. Pa. May 23, 2012) (Plaintiff's claim of a violation

on warrantless arrests for misdemeanors committed outside the presence of the officer is "inapposite to the constitutional question").

The *Huff* Court also drew guidance from the Third Circuit decision in *Hughes v. Shestakov*, 76 F. App'x 450, (3d Cir. 2003). In *Hughes*, even though probable cause existed for the arrest for the underlying summary offense, the plaintiff claimed his Fourth Amendment rights were violated because he was arrested without a warrant for a summary offense committed outside the presence of the arresting officers. In sweeping language, the *Hughes* court reasoned that the "Fourth Amendment does not require an arrest warrant for a minor criminal violation." *Id*. 76 F. App'x at 451, slip op. at p. 7. Subsequent cases have interpreted the *Hughes* decision to mean that the presence of probable cause is sufficient to defeat a false arrest or false imprisonment claim under Section 1983 even where the arrest was made without a warrant for a misdemeanor or a summary offense committed outside the presence of the arresting officers. *Id*.

In light of the Third Circuit precedent applicable to this case, and the indisputable presence of probable cause in light of the convictions for at least three of the offenses for which Plaintiff was charged, it is respectfully submitted that Plaintiff's Fourth Amendment seizure claims in the nature of a claim for "unlawful seizure;" "wrongful arrest;" and "false imprisonment;" must fail as a matter of law.

**B.    THE THIRD CIRCUIT HAS DECLARED A FINDING OF PROBABLE CAUSE FOR AT LEAST ONE OF THE OFFENSES WITH WHICH A CRIMINAL DEFENDANT IS CHARGED IS DISPOSITIVE OF A SUBSEQUENT MALICIOUS PROSECUTION CLAIM.**

Defendant Dissinger argues that the conviction of three of the offenses with which Plaintiff was charged is dispositive proof that there was probable cause for those charges. He further argues that the Third Circuit has declared a finding of probable cause for one of the charges against a criminal defendant precludes a subsequent claim for malicious prosecution as a matter of law. *See, Wright v. City of Philadelphia*, 409 F.3d 595, 604 (3d Cir. 2005).  Significantly, Plaintiff does not dispute that proof of the absence of probable cause is a necessary element of a cause of action for malicious prosecution.  However, based upon Plaintiff's Brief, Plaintiff appears to assert that the Third Circuit's decision in *Johnson* stands for the proposition that there must  be probable cause for each of the crimes asserted in order to defeat a claim for malicious prosecution as to each of those crimes, as set forth in Plaintiff's Brief at pp. 15-16.

In *Johnson*, the Plaintiff was a parolee who was involved in an altercation with a parole officer.  Plaintiff was charged with simple assault, aggravated assault, terroristic threats and reckless endangerment.  Subsequently, the state dismissed all the charges.  Plaintiff then initiated a Section 1983 claim in which he asserted a claim for malicious prosecution.  The district court found that the state had probable cause

to arrest for the charge associated with making terroristic threats. Based upon that finding, the district court dismissed Plaintiff's malicious prosecution claim pertaining to all of the criminal charges. The Third Circuit reversed. Although the *Johnson* decision expressly noted that it did not intend to diminish the precedential status of *Wright*, Plaintiff predictably directs this Court's attention to the language in *Johnson* wherein the Third Circuit asserts that it did not "understand *Wright* to establish legal precedent of such broad application that it would insulate law enforcement officers from liability for malicious prosecution in all cases in which they had probable cause for the arrest of the Plaintiff on any one charge." *Id*. 477 F.3d at 83.

Fortunately for purposes of resolution of the instant case, *Johnson* is distinguishable on its facts from the instant case, and to the extent that it is not, has been held by the Third Circuit to be controlled by the *Wright* decision. Factually, *Johnson* was a case in which all the claims against Mr. Johnson were ultimately dismissed by the magistrate judge. Thus, while the district court and Third Circuit ultimately and independently found probable cause to exist on one of the charges, the case is factually on a much different footing than the instant case where there was probable cause not only for one but for three of the charges leveled against Plaintiff and where Plaintiff was convicted on three of those charges.

Even if this Honorable Court is unpersuaded that the above-referenced factual distinction warrants a result different than that obtained in *Johnson*, the court in

*Kossler v. Crisanti*, 564 F.3d 181 (3d Cir. 2009), nevertheless compels dismissal of the malicious prosecution clam against Defendant Dissinger as it expressly declares that *Wright* is controlling on this issue.  In *Kossler,* the Third Circuit was confronted with a barroom altercation in which an off duty police officer was injured as he attempted to quell the disturbance.  Although the trial court did not find sufficient evidence to convict on the more serious charges of aggravated assault against the police officer, the trial court convicted Mr. Kossler of disorderly conduct arising from the altercation.  Mr. Kossler then asserted a Section 1983 claim alleging, *inter alia*, malicious prosecution against the police officer.  In resolving this claim against Mr. Kossler, the Third Circuit analyzed the *Wright* decision in juxtaposition to its decision in *Johnson*.  In describing its holding in *Wright*, a decision that the Third Circuit had rendered four years earlier, the *Kossler* court noted the following with approval:

> "Thus we determined that the existence of probable cause for the arrest – stemming from the existence of probable cause for at least one charge – precluded the plaintiff from proceeding with her malicious prosecution claim with respect to any of the charges brought against her."

*Id*. 564 F.3d at 193-194.

In citing the *Wright* decision with approval, the *Kossler* court expressly recognized the tension that existed in this regard between its decision in *Johnson* and *Wright*.  In discussing the two cases, the *Kossler* court admitted that resolution of this

tension was not essential to disposition of the case before it.  However, with regard

to harmonizing *Johnson* versus *Wright*, the *Kossler* court observed the following:

> "Even assuming arguendo that *Wright* and
> *Johnson* are in unavoidable conflict, '[t]his
> Circuit has long held that if its cases conflict,
> the earlier is the controlling authority and the
> later is ineffective as precedence.
> *Pardini v. Allegheny Intermediate Unit*, 524
> F.3d 419, 426 (3d Cir. 2008)."

Kossler, 564 F.3d at 188 n.8

In light of the foregoing, Defendant Dissinger asserts that the multiple

convictions in the instant case distinguish it factually from *Johnson* making it more

similar to the factual setting in *Wright* thereby obviating the need to harmonize the

two cases. However, if one of those two cases must control, the Third Circuit has

declared that it is the *Wright* case that is controlling. As the most recent

pronouncement of the Third Circuit declares that a finding of probable cause for one

of the charges leveled against a criminal defendant bars a Section 1983 claim for

malicious prosecution with respect to all charges asserted against that defendant,

Defendant Dissinger is entitled to judgment as a matter of law.   In this instance, as

not even Plaintiff disputes the existence of probable cause for the three charges of

violations for 75 Pa. Cons. Stat. § 3364(A); 3364(B)(1); and 3333, Plaintiff's claims

for malicious prosecution are barred by virtue of the existence of probable cause for

at least three of the charges asserted.

## C.    THE DISTINCTION BETWEEN THOSE OFFENSES RESOLVED BY THE TRIAL COURT AND THOSE RESOLVED BY THE JURY IS IRRELEVANT TO THE QUESTION WHETHER THE UNDERLYING CRIMINAL PROSECUTION "TERMINATED FAVORABLY" TO PLAINTIFF

In a creative argument, Plaintiff attaches significance to the fact that three of the charges against him were resolved by a jury in his favor, while three other charges were resolved against Plaintiff by the Trial Court.  Somehow, Plaintiff concludes that his good fortune in front of the jury entitles him to an overall finding of "favorable termination" sufficient to support a claim for malicious prosecution.  First, Defendant Dissinger notes that this argument is asserted without any citation to any authority whatsoever.  Independent research by Defendant Dissinger has revealed none.  On the contrary, this argument is made against the weight of authority as set forth in *Kossler*, *et.al.*  However, just as importantly, the rationale behind the favorable termination element of a malicious prosecution claim would be undermined if Plaintiff's argument were given credence by this Honorable Court.

In *Kossler*, as in the instant case, the plaintiff attempted to assert a malicious prosecution claim after mounting a successful defense to the more serious charges against him, but was nevertheless  found guilty of a summary offense.  As in the instant case, the summary offense in *Kossler* was not a lesser included offense of the unsuccessfully prosecuted felony charges. However,  the *Kossler* Court held these distinctions were not a basis upon which to find that the overall criminal prosecution

terminated favorably to the plaintiff such that a malicious prosecution claim could follow:

> "To determine whether a party has received a favorable termination in the underlying case, the court considers the *judgment as a whole* in the prior action; … the termination must reflect the merits of the action and the plaintiff's innocence of the *misconduct alleged in the lawsuit*."

(Emphasis in original) *citing* W.P. Keeton, et al., Prosser and Keeton on the Law of Torts § 119 (5th Ed. 1984); 52 Am. Jur. 2d Malicious Prosecution § 32 (Supp. 2007).

The *Kossler* court noted that "when the circumstances – both the offenses as stated in the statute and the underlying facts of the case – indicate that the *judgment as a whole does not reflect the plaintiff's innocence*, then the plaintiff fails to establish the favorable termination element." (Emphasis added).  *Id*. 564 F.3d at 188.

In *Kossler*, the Third Circuit observed that the charges against Mr. Kossler were all based upon the bar fight.  The Court found that Mr. Kossler was cited for, and convicted of,  disorderly conduct arising from that altercation.  In assessing the import of such a finding in light of the underlying basis for the "favorable termination" element of a malicious prosecution claim, the Court held it was *inconsistent* with a finding of "Kossler's innocence on the night of the fight."  *Id*. Thus, the *Kossler* court found that as all the charges arose from the fight and not all the charges were resolved in Mr. Kossler's favor, that Mr. Kossler had failed to

establish the favorable termination element that is a prerequisite to a malicious prosecution claim.

In the instant case, as in *Kossler*, Plaintiff was successful in his defense of the more serious charges against him.  However, also like the circumstance in Kossler, Plaintiff was convicted of three summary offenses arising from the same incident. These determinations of guilt support a finding that "the state criminal proceeding – ***the entirety of which*** resolved [plaintiff's] guilt and punishment for [the accident] did not end in [plaintiff's] favor even when we view the facts in the light most favorable to him."  *Kossler*, 564 F.3d at 189.

Aside from the lack of precedential support for his position, the fatal flaw in Plaintiff's contention is that the analysis of the favorable termination element of a malicious prosecution claim clearly focuses upon the "entire" criminal proceeding. A criminal prosecution is not "malicious" if it is at least partially founded in fact and law. Here, Plaintiff's prosecution was not entirely successful, nor was entirely meritless.  Plaintiff's unsupported attempt to bifurcate those charges that favor him, ***and*** on the basis of that bifurcation, suggest  that the entire criminal prosecution terminated in his favor, flies in the face of the rational behind the favorable termination element of a malicious prosecution claim, and of common sense. Accordingly, Defendant Dissinger asks that this Honorable Court grant his Motion to Dismiss Plaintiff's malicious prosecution claims.

IV.   **<u>CONCLUSION</u>**

Defendant Dissinger relies on his Brief In Support of Motin to Dismiss for the Court's resolution of the balance of Plaintiff's claims. Respectfully, he requests that in light of the arguments and authority set forth above, that this Honorable Court grant Defendant Dissinger's Motion to Dismiss, and that Plaintiff's claims be dismissed with prejudice for failure to state a claim as a matter of law.

Respectfully submitted,

MARGOLIS EDELSTEIN

Date:  September 4, 2015          By: _/s/ Rolf E. Kroll_
                                  ROLF E. KROLL, ESQUIRE
                                  PA. Attorney I.D. No. 47243
                                  Attorney for Defendant Dissinger
                                  3510 Trindle Road
                                  Camp Hill, PA  17011
                                  (717) 975-8114  Direct:  (717) 760-7502
                                  Fax:  (717) 975-8124

## <u>CERTIFICATE  OF SERVICE</u>

I hereby certify that I served a copy of the foregoing on the following, via the US District Court ECF filing system at the address listed below:

George A. Reihner, Esquire
Wright & Reihner, P.C.
Gareihner@wrightreihner.com
*Attorney for Plaintiff*

MARGOLIS EDELSTEIN

Date: <u>September 4, 2015</u>          By*:*   <u>  */s/ Rolf E. Kroll*          </u>