# EXHIBIT "A" PART 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAWURAYRASSUNA EMMANUEL NOVIHO,<br>　　　　Plaintiff<br><br>v.<br><br>LANCASTER COUNTY PENNSYLVANIA;<br>SCOTT F. MARTIN,<br>TODD E. BROWN, and<br>CHRISTOPHER DISSINGER,<br>　　　　Defendants | Civil Action No. 15-cv-03151<br><br>Jury Trial Demanded<br><br>Honorable Jeffrey Schmehl |

### DEFENDANT, CHRISTOPHER DISSINGER'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)

1. Plaintiff commenced this action by filing a Complaint with this Honorable Court on or about June 5, 2015.

2. The core of Plaintiff's Complaint arises from a motor vehicle accident that occurred at 6:50 p.m. on November 12, 2012. *See*, Plaintiff's Complaint at Paragraph 13.

3. Plaintiff admits that this tragic accident took the lives of Joshua West and Joshua Charles West. *See*, Plaintiff's Complaint at Paragraph 19.

4. Plaintiff admits at the time of the accident, he was traveling 17.5 miles per hour where the speed limit was 65 mph. *See*, Plaintiff's Complaint at Paragraphs 15-16 & 27.

5. Plaintiff admits that Katie West, the wife of Joshua West and the mother of Joshua Charles West, was the operator of a 1996 Volkswagen Passat that was traveling northbound on State Route 222 directly behind Plaintiff at 6:50 p.m. on Monday, November 12, 2012. *See*, Plaintiff's Complaint at Paragraph 16.

6. Furthermore, Plaintiff admits that a mere sixteen (16) seconds before the accident, he was at a complete stop on the right hand shoulder of State Route 222 and was in the process of re-entering the travel lanes, reaching his approximate speed of 17.5 miles an hour when the accident occurred. *See*, Plaintiff's Complaint at Paragraphs 14-15.

7. Plaintiff spends much time and energy in a vitriolic character assassination of Katie West and her husband, and suggests in numerous paragraphs of the Complaint that Katie West's heroin use caused this tragic accident.

8. However, none of the allegations regarding Katie West have anything to do with Plaintiff's responsibilities regarding other motorists on the highway.

9. In this regard, Plaintiff is constrained to admit that after the tragic accident, Katie West was interviewed and recalled that "something hit her or she hit something that was like black out of nowhere." *See*, Plaintiff's Complaint at Paragraph 36.

10. More importantly, Plaintiff admits that there was a witness named Donald Schlinkman who was a motorist traveling somewhere between 40 and 100 yards from the impact in the left passing lane. *See,* Paragraphs 43-46.

11. Nowhere in Plaintiff's Complaint does Plaintiff suggest that Mr. Schlinkman was involved in the alleged conspiracy to wrongfully arrest and prosecute him. Nor does Plaintiff suggest that there was any third party witness in a better position to describe how the accident occurred. In other words, Mr. Schlinkman, who had a vantage very similar to Katie West, had no motive to lie, and gave a detailed account of the accident, supported the charges against Plaintiff.

12. Specifically, Mr. Schlinkman reported to the police that Plaintiff was "in the process of reentering the road shortly before the crash." *See,* Plaintiff's Complaint at Paragraph 42.

13. Mr. Schlinkman also reported to the police that the "truck did not have any lights on and was traveling very slowly." *See,* Plaintiff's Complaint at Paragraph 42. Obviously, both of these observations are admitted as true and corroborated by Plaintiff himself in his own Complaint. *See,* Plaintiff's Complaint at Paragraphs 14 and 15. The only disputed fact is whether Plaintiff's lights were on. Plaintiff, with a vested interest in the outcome, claims his lights were activated. Mr. Schlinkman, who has no interest in the outcome, asserts they were not.

14. Importantly, Mr. Schlinkman was interviewed mere hours after the accident took place. *See,* Plaintiff's Complaint at Paragraph 43. While Plaintiff spends considerable effort attempting to attack the credibility of this unbiased third-party witness, Plaintiff admits that Mr. Schlinkman's recollection was that "he did not see the truck until he was immediately upon it and West's Passat was flipping in the air as he passed it in the left lane ... ." *See,* Plaintiff's Complaint at Paragraph 48.

15. Nor can Plaintiff avoid the reality that Mr. Schlinkman "portrayed the scene as very, very dark and the only lights able to illuminate the area were West's and his." *See,* Plaintiff's Complaint at Paragraph 47.

16. Thus, Plaintiff admits, by the very terms of his Complaint, that Defendant Dissinger's investigation revealed the following facts: that the accident occurred on November 12, 2012 at 6:50 p.m., at which time, it was "very dark"; *See,* Plaintiff's Complaint at Paragraph 24(c) and Paragraph 13; that Plaintiff started his tractor from a dead stop along the side of the highway a mere 16 seconds before the Accident occurred; *See,* Paragraph 14; that Plaintiff had accessed the right travel late of a 65 mph highway at a mere 17.5 miles per hour in a 65 mile an hour zone; *See,* Paragraphs 14 and 15; and that unbiased eyewitness testimony confirms Plaintiff's re-entry maneuver, his slow speed, and asserts that his lights were not activated. These facts are admitted in Plaintiff's Complaint and

were derived, in large part, from a disinterested third-party witness with a vantage very similar to that of Plaintiff or from uncontroverted forensic analysis. *See,* Plaintiff's Complaint at Paragraphs 43-49.

17. Plaintiff admits that a 7-month investigation took place. *See,* Plaintiff's Complaint at Paragraph 24.

18. Plaintiff admits that the case was prosecuted by the Lancaster County District Attorney's Office in general and by Defendant Brown in particular. *See,* Plaintiff's Complaint at Paragraphs 70-74. Defendant Brown is identified as an Assistant District Attorney of Lancaster County who was assigned to "handle all aspects of the investigation into the events in question including the preliminary investigation prior to the initiation of any criminal charges against Noviho." *See,* Plaintiff's complaint at Paragraph 70.

19. Plaintiff alleges that Defendant Brown was "directly responsible for all aspects of the preliminary investigation, including the assignment, control, oversight and supervision of the other law enforcement personnel that were involved in said investigation."

20. Finally, Plaintiff alleges that Defendant Brown "played an active role in the investigation of Noviho, and was at all times consulted and kept informed of every aspect of the investigation as it developed, including the information,