# EXHIBIT "A" PART 2

statements and/or other evidence obtained by law enforcement personnel." *See*, Plaintiff's Complaint at Paragraph 73.

21. Plaintiff further alleges that Defendant Brown was involved in "a collective decision about whether there was probable cause to make an arrest and what information should be included in the affidavit of probable cause prior to the initiation of any criminal proceedings against Noviho."

22. After the 7-month investigation, Plaintiff admits that the following charges were filed against him:

> Offense No. 1 – Homicide by Vehicle (2 counts)
> Offense No. 2 – Aggravated Assault by Vehicle (1 count)
> Offense No. 3 – Periods for requiring lighted lamps (1 count)
> Offense No. 4 – Minimum Speed Regulation (1 count)
> Offense No. 5 – Vehicular Hazard Signal Lamps (1 count)
> Offense No. 6 – Moving stopped or parked vehicle (1 count)
> *See*, Plaintiff's Complaint at Paragraph 25.

23. Unquestionably, all of these Counts address the tragic accident that occurred on November 12, 2012. Additionally, Plaintiff neglected to mention that he was cited for moving vehicle unsafely. A true and correct copy of the criminal docket for which the Court can take judicial notice is attached hereto as Exhibit "A."

24. Conspicuously absent from Plaintiff's Complaint is the fact that, while Plaintiff was adjudged not guilty in the homicide by vehicle and the aggravated

assault charges, as well as the charge for a period requiring lighted lamps, he was found guilty for traveling too slow for conditions, traveling below the minimum speed limit and for moving his vehicle unsafely. *See,* Exhibit "A."

25. Defendant Dissinger respectfully submits that the foregoing admissions contained in Plaintiff's Complaint and the record from the criminal proceeding constitute overwhelming evidence that crimes had been committed and that Plaintiff committed those crimes.

26. Despite the foregoing, Plaintiff has filed a Complaint with this Honorable Court alleging that Defendant Dissinger was involved in unlawful seizure, wrongful arrest and false imprisonment (Count 1).

27. Plaintiff also asserts that Defendant Dissinger commenced a malicious prosecution (Count 3).

28. Plaintiff further alleges that Defendant Dissinger engaged in a conspiracy with regard to the unconstitutional conduct alleged in Counts 1 and 3. (Count 4 and 5).

29. Defendant Dissinger asserts that the Plaintiff's arrest was made with probable cause, thereby defeating Plaintiff's claims to false arrest, false imprisonment and unlawful seizure. Moreover, Plaintiff's claims for malicious prosecution must fail as the underlying criminal prosecution did not terminate favorably to Plaintiff. Moreover, Plaintiff's admission that the Lancaster District

Attorney's Office was fully apprised of the events in question and singed off on the charges, coupled with the probable cause for the charges, precludes any claim for malicious prosecution against Defendant Dissinger as a matter of law.

## I. MOTION TO DISMISS CLAIMS FOR UNLAWFUL SEIZURE, WRONGFUL ARREST AND FALSE IMPRISONMENT

30. In Count I, Plaintiff attempts to assert claims for unlawful seizure, wrongful arrest, and false imprisonment. Plaintiff's claims for unlawful seizure, wrongful arrest and false imprisonment are all grounded in the Fourth Amendment which provide guarantees against unreasonable seizure. *See, Garcia v. County of Bucks*, 155 F. Supp. 2d 259, 265 (E.D. Pa. 2001) (*citing, Gorman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)).

31. Plaintiff's claim for "unlawful seizure" is merely a "seizure" without probable cause. *See, Palma v. Atlantic County*, 53 F. Supp. 2d 743 (D. NJ. 1999).

32. To maintain a false arrest, false imprisonment or unlawful seizure claim, a plaintiff must plead facts to establish first that a seizure existed, and second that the arresting officer lacked probable cause to make the arrest. *See, Garcia*, 155 F. Supp. at 265.

33. Probable cause exists when the totality of the facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense. *Id.*

34. A false arrest, false imprisonment or unlawful seizure claim will fail if there was probable cause to arrest for *at least one* of the offenses involved. *See, Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007); *See also, Barna v. City of Perth Amboy*, 42 F.3d 809, 818 (3d Cir. 1994) (For an arrest to be justified "[p]robable cause need only exist as to any offense that could be charged under the circumstances").

35. Here, Plaintiff was convicted of three of the crimes for which he was charged. Accordingly, not only did Defendant Dissinger have probable cause to arrest, but there was sufficient evidence to convict Plaintiff, beyond a reasonable doubt, that "at least one," and indeed, three crimes were committed, and that Plaintiff committed those crimes. Accordingly, Plaintiff's claims for unlawful seizure, wrongful arrest, and false imprisonment must all fail as a matter of law.

WHEREFORE, Defendant, Christopher Dissinger, respectfully request that this Honorable Court enter an order dismissing Count I of Plaintiff's Complaint as a matter of law with prejudice.

## II. MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR MALICIOUS PROSECUTION

36. In Count III of Plaintiff's Complaint, Plaintiff attempts to assert a claim for malicious prosecution. As noted above, Plaintiff was convicted of several of the offenses inextricably intertwined in the tragic accident at issue and accordingly, there was probable cause to prosecute those claims.

37. Plaintiff's claims for malicious prosecution must fail as Defendant Dissinger had probable cause to charge Plaintiff with the crimes at issue.

38. As the Third Circuit noted in *Wright v. City of Philadelphia*, 409 F.3d 593 (3d Cir. 2005), probable cause for at least one of the charges involved in the underlying criminal proceeding disposes of a subsequent malicious prosecution claim with respect to all the charges.

39. In *Wright*, the plaintiff faced charges of burglary, theft, criminal trespass and criminal mischief for breaking into a house where she was allegedly sexually assaulted. The city police officers conducted two separate investigations regarding the break in and the sexual assault. All of the charges brought against the plaintiff were eventually dismissed. However, the court concluded that there was probable cause to arrest and prosecute the plaintiff on the criminal trespass charge based upon the information available to the officers at the time of the arrest. With regard to the subsequent claim for malicious prosecution, the *Wright* court held:

> "Even though our discussion of probable cause was limited to the criminal trespass claim, it disposes of her malicious prosecution claims with respect to all of the charges brought against her, including the burglary."
> Id. 409 F.3d at 604.

40. Thus, the Third Circuit has determined that the existence of probable cause for an arrest, stemming from the existence of probable cause for at least one