**EXHIBIT "A"** PART 3

charge, precludes a plaintiff from proceeding with a malicious prosecution claim with respect to any of the charges brought against him. *Id.*

41.   Additionally, Plaintiff's claims for malicious prosecution must be dismissed because Plaintiff has failed to plead, much less state, any facts in support of a contention that Plaintiff received a "favorable termination" in the underlying criminal prosecution.

42.   In order to plead a Section 1983 malicious prosecution claim, a plaintiff must "show" with facts, that:

> "(1) The defendants initiated a criminal proceeding;
> (2) ***The criminal proceeding ended in plaintiff's favor;***
> (3) The proceeding was initiated without probable cause;
> (4) The defendants acted maliciously and for a purpose other than bringing the plaintiff to justice; and
> (5) The plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding."

*Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

43.   The purpose of the "favorable termination" requirement is to avoid the possibility that a claimant may file a successful tort action having been convicted in the underlying criminal prosecution thereby contravening the strong judicial policy against the creation of two conflicting resolutions out of the same or identical transaction. *See, Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

44. It has long been the law of this Circuit that a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the "favorable termination" element. *See, Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002); *see also, Gilles v. Davis*, 427 F.3d 197, 211 (3d Cir. 2005) (Expungement under the ARD program was not a favorable termination because the program imposes burdens upon the criminal defendant not consistent with innocence). Thus, the law in this Circuit is clear that when the underlying criminal judgment, when taken as a whole, does not reflect the plaintiff's innocence, then the plaintiff has failed to establish the "favorable termination" element. *See, Kossler v. Crisanti*, 564 F.3d 181(3d Cir. 2009).

45. In *Kossler*, the Third Circuit was confronted with a bar fight in which an intoxicated citizen injured an off-duty police officer albeit, in the course and performance of his duties. Mr. Kossler was charged with aggravated assault in the first and second degree as well as with the summary offense of disorderly conduct. Although the trial court declined to find any misdemeanors or felonies, Mr. Kossler was convicted and found guilty of disorderly conduct and fined $100.00. When Mr. Kossler subsequently filed a malicious prosecution claim, the Third Circuit was faced with the prospect of determining whether the conviction on the disorderly conduct charge barred the malicious prosecution claim.

46. In finding that the disorderly conduct conviction barred the malicious prosecution claim, the Third Circuit concluded that Mr. Kossler's acquittal on the aggravated assault and public intoxication charges could not be divorced from his simultaneous conviction for disorderly conduct when all three charges arose from the same course of conduct, and thus barred his malicious prosecution claim for failure to establish the favorable termination element of the claim. Id. 189.

47. In this case, Plaintiff's acquittal for the vehicular homicide and aggravated assault charges all arise from the same tragic accident that gave rise to Plaintiff's conviction for driving too slow for conditions and moving his vehicle unsafely. Thus, the acquittal cannot be separated from the finding of guilt and under such circumstances, Plaintiff cannot establish the requisite favorable termination element of his malicious prosecution claim. Accordingly, this claim must likewise fail as a matter of law.

WHEREFORE, Defendant, Christopher Dissinger, respectfully request that this Honorable Court enter an order dismissing Plaintiff's Complaint with prejudice.

### III. MOTION TO DISMISS CONSPIRACY CLAIM

48. In Counts IV and V, Plaintiff attempts to assert claims of conspiracy with regard to the underlying allegations set forth in Counts I and III respectively. Plaintiff's claims for conspiracy must fail as Plaintiff has failed to state claims for

the underlying objects of the conspiracy, i.e. the unlawful seizure, wrongful arrest, false imprisonment and malicious prosecution claims. Moreover, Plaintiff has insufficiently pled any overt act in furtherance of the particular objects of the conspiracy, and have only stated same in conclusory fashion in violation of the Federal Rules of Civil Procedure. Therefore, conspiracy must fail as a matter of law.

WHEREFORE, Defendant, Christopher Dissinger, respectfully requests that this Honorable Court enter an order dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

MARGOLIS EDELSTEIN

Date: July 17, 2015

By: /s/ Rolf E. Kroll
ROLF E. KROLL, ESQUIRE
PA. Attorney I.D. No. 47243
Attorney for Defendant Dissinger
3510 Trindle Road
Camp Hill, PA 17011
(717) 975-8114 Direct: (717) 760-7502
Fax: (717) 975-8124

## PROOF OF SERVICE

I hereby certify that I served a copy of the foregoing on the following, via the US District Court ECF filing system at the address listed below:

George A. Reihner, Esquire
Wright & Reihner, P.C.
Gareihner@wrightreihner.com
*Attorney for Plaintiff*

MARGOLIS EDELSTEIN

Date: July 17, 2015              By: /s/ Rolf E. Kroll

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

MAWURAYRASSUNA  
EMMANUEL NOVIHO,  
        Plaintiff

v.                                  Civil Action No. 15-cv-03151

LANCASTER COUNTY PENNSYLVANIA:  
SCOTT F. MARTIN,                  Jury Trial Demanded  
TODD E. BROWN, and  
CHRISTOPHER DISSINGER,  
        Defendants

## CERTIFICATE OF NON-CONCURRENCE

I, Rolf E. Kroll, of the law firm of Margolis Edelstein, hereby certify that the concurrence of counsel in Defendant Dissinger's Motion to Dismiss Plaintiff's Complaint has been sought and counsel for Plaintiff does not concur.

                                              Respectfully submitted,

                                              MARGOLIS EDELSTEIN

Date: July 17, 2015              By:   /s/ Rolf E. Kroll  
                                         ROLF E. KROLL, ESQUIRE  
                                         PA. Attorney I.D. No. 47243  
                                         Attorney for Defendant Dissinger  
                                         3510 Trindle Road  
                                         Camp Hill, PA  17011  
                                         (717) 975-8114  Direct: (717) 760-7502  
                                         Fax: (717) 975-8124

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MAWURAYRASSUNA
EMMANUEL NOVIHO,
        Plaintiff

v.

LANCASTER COUNTY PENNSYLVANIA:
SCOTT F. MARTIN,
TODD E. BROWN, and
CHRISTOPHER DISSINGER,
        Defendants

Civil Action No. 15-cv-03151

Jury Trial Demanded

Honorable Jeffrey Schmehl

## ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of the Motion to Dismiss filed by Defendant Christopher Dissinger, it is NOW AND HEREBY ORDERED that Defendant's Motion is GRANTED and Plaintiff's Complaint if hereby DISMISSED WITH PREJUDICE.

**BY THE COURT**

_____
                                  J.