# EXHIBIT "B" PART 1

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MAWUYRAYRASSUNA EMMANUEL YAOGAN NOVIHO | |
| Appellant | No. 394 MDA 2015 |

Appeal from the Judgment of Sentence January 27, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004200-2013

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

JUDGMENT ORDER BY PANELLA, J.                **FILED FEBRUARY 17, 2016**

Appellant, Mawuyrayrassuna Emmanuel Yaogan Noviho, appeals from the judgment of sentence entered by the Honorable David L. Ashworth, Court of Common Pleas of Lancaster County. We affirm.

We assume the parties' familiarity with the facts and procedural history of the case. For a recitation of the facts and procedural history of this matter, we direct the reader to the opinion of the trial court. *See* Trial Court Opinion, 4/7/15, at 1-3.

We have reviewed the briefs of the parties, the certified record, and the trial court opinion. The trial court, the Honorable David L. Ashworth, has authored an opinion that ably disposes of the issues presented on appeal. We affirm based on that opinion. *See id.*, at 3-32.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2016



# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
# C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA  :
                                 :
           v.                    :       No. 4200 - 2013

MAWUYRAYRASSUNA EMMANUEL  :
YAOGAN NOVIHO                 :

## OPINION SUR PA. R.A.P. 1925(a)

BY:   ASHWORTH, J., APRIL 7, 2015

      Mawuyrayrassuna Emmanuel Yaogan Noviho has filed a direct appeal to the Superior Court of Pennsylvania from the judgment of sentence imposed on January 27, 2015. This Opinion is written pursuant to Rule 1925(a) of Pennsylvania Rules of Appellate Procedure, and for the following reasons, this Court requests that this appeal be denied.

I.   **Background**

      On June 7, 2013, Noviho was charged with two counts of homicide by vehicle,[1] aggravated assault by a vehicle,[2] and related summary offenses as a result of conduct arising out of an incident on November 11, 2012. It was alleged that Noviho unintentionally caused the deaths of two people and the serious bodily injury of another as a result of his operation of a tractor while violating the Motor Vehicle Code in a

---

[1] 75 Pa. C.S.A. § 3732(A).

[2] 75 Pa. C.S.A. § 3732.1(A).



reckless or grossly negligent manner. Katie West was the operator of the other involved vehicle and she suffered serious bodily injury. Joshua A. West, her husband, was the front seat passenger and he was deceased as a result of the crash. Joshua C. West, her three-year-old son, who was in a child safety seat in the right rear passenger seat, also died from injuries sustained in the crash. Mrs. West's five-year-old daughter was in a booster seat in the left rear passenger seat and she suffered only minor injuries.

Following a six-day trial, the jury found Noviho not guilty of the homicide by vehicle and aggravated assault by vehicle charges. Following the jury's rendering of its verdict, this Court, sitting in judgment on the remaining summary charges, convicted Noviho of the Motor Vehicle Code violations of driving too slow for conditions, failure to use flashing signals, and moving a vehicle unsafely.[3][4] (N.T. at 1093-94.) Noviho was immediately sentenced to pay the statutory fines of $25.00 for each offense, plus costs.[5] (Id. at 1094.)

A timely notice of appeal to the Superior Court of Pennsylvania was filed on February 26, 2015. Pursuant to this Court's directive, Noviho furnished a concise statement of matters complained of on appeal which raises the following issues on

---

[3] 75 Pa. C.S.A. § 3364(a), 75 Pa. C.S.A. § 4305(a), (b)(1), and 75 Pa. C.S.A. § 3333, respectively.

[4] Noviho was found not guilty of failure to use required lighted lamps, 75 Pa. C.S.A. § 4305(c), and the additional count of slow moving vehicle was withdrawn by the Commonwealth as duplicative. (Notes of Trial Testimony (N.T.) at 1093.)

[5] Section 6502 of the Motor Vehicle Code provides, in relevant part, that "[e]very person convicted of a summary offense for a violation of any of the provisions of this title for which another penalty is not provided shall be sentenced to pay a fine of $25." 75 Pa. C.S.A. § 6502(a).

2

appeal: (1) the Court erred in granting the Commonwealth's motion in limine; (2) the Court erred in excluding from evidence photographs taken at the scene of the accident; (3) the verdict on Count 5 (too slow for conditions) was against the weight/sufficiency of the evidence; (4) the verdict on Count 7 (use of flashing signals) was against the weight/sufficiency of the evidence; (5) the verdict on Count 8 (moving vehicle safely) was against the weight/sufficiency of the evidence; and (6) the Court erred in failing to allow the jury to indicate on the verdict slip which, if any, specific violation(s) of the Motor Vehicle Code occurred. (See Concise Statement at ¶¶ 1-6.) I will address these issues in reverse order.

## II. Discussion

### A. Jury Interrogatories

Noviho claims this Court erred by failing to have special interrogatories for the jury to determine whether the specific Motor Vehicle Code violations which were essential elements of the charged felony offenses were proven. (See Concise Statement at ¶ 6.)

> A trial court possesses broad discretion in phrasing its instructions to the jury and will not be found to have abused its discretion unless the instructions fail to clearly, adequately, and accurately present the law. . . . Proper appellate review dictates th[e] [Superior] Court consider the entire charge as a whole, not merely isolated fragments, to ascertain whether the instruction fairly conveys the legal principles at issue. . . . Moreover, an appellant's belief that a court's instructions should contain additional explanation or his chosen dicta will not render a jury charge defective.

**Commonwealth v. Hunzer**, 868 A.2d 498, 516 (Pa. Super. 2005) (internal quotations

3