# EXHIBIT "B" PART 2

and citations omitted). In **Hunzer**, the Superior Court found that where the trial court utilized the standard jury instruction for the offense charged (rape) and properly instructed on the elements required for that offense, the defendant's request for a special interrogatory as to a particular element of the offense (penetration) was properly denied.

Similarly, in the instant case, I used the standard jury instructions for the two felony offenses charged (homicide by vehicle and aggravated assault by vehicle), and instructed the jury as to the elements required to be proven beyond a reasonable doubt for each. (N.T. at 1028-40.) One common element for each felony was that Noviho committed a violation of the Motor Vehicle Code. (Id. at 1029, 1037.) The six underlying traffic regulations alleged to have been violated by Noviho were set forth at length during the charge (Id. at 1031-35), and repeated in response to questions by the jury during their deliberations. (Id. at 1052-56, 1081-82.) I concluded my initial instructions by noting: "You may find all, you may find none, but in order to find the defendant guilty, you must find beyond a reasonable doubt that he has been proven guilty of violating *at least one* of the Motor Vehicle Code motor vehicle regulations." (Id. at 1039-40 (emphasis added).)

As the jurors were clearly, adequately and accurately instructed on the elements for each charged offense, there was no trial court error in refusing to have special interrogatories for the jury to determine those elements. See **Hunzer**, *supra*. This allegation of error should be rejected.

4

Moreover, to allow the jury to specifically rule on the underlying motor vehicle violations would have been improper as no right to a jury trial historically or constitutionally is afforded an accused for a summary offense. The United States and Pennsylvania Constitutions require that only "one accused of a 'serious offense' be given a jury trial." **Commonwealth v. Mayberry**, 459 Pa. 91, 97, 327 A.2d 86, 89 (1974). "The question becomes whether the crime charged . . . is 'serious'. The test is clear. The decisions of the Supreme Court of the United States 'have established a fixed dividing line between petty and serious offenses: those crimes carrying more than six months sentence are serious and those carrying less are petty crimes.'"[6] Id. at 98, 327 A.2d at 89.

The Motor Vehicle Code violations at issue in this case do not provide for a sentence of imprisonment. Noviho was subject only to a fine for his summary offenses. Therefore, the right to trial by jury was not implicated, and he was not entitled to a trial by jury on the summary offenses. See **Commonwealth v. Kincade**, 358 Pa. Super. 591, 597, 518 A.2d 297, 300 (1986). See also **Commonwealth v. Smith**, 868 A.2d 1253, 1257 (Pa. Super. 2005). This Court was right to take the summary motor vehicle violations from the jury's consideration in this case.

Noviho further charges that the Court "abused its discretion in consulting with jurors prior to [the] Court's declaration of verdict regarding the Summary Offenses."

---

[6]Under the definition in the Crimes Code, a "summary offense" is an offense "so designated in this title, or in a statute other than this title; or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than 90 days." **Commonwealth v. Johnson**, 878 A.2d 973, 977 (Pa. Cmwlth. 2005) (quoting 18 Pa.C.S.A. § 106(c)).

5

(See Concise Statement at ¶ 6.) Following the jury's verdict in this case, the Commonwealth presented the summary offenses for a determination by the Court. (N.T. at 1090.) After hearing argument from counsel regarding the propriety of ruling on those summary charges (Id. at 1090-91), I called a recess to allow counsel to prepare their summations and to allow me to address the jurors in Chambers.[7] (Id. at 1091-92.) No objection was made by defense counsel at that time to my meeting with the jurors and thanking them for their service. (Id. at 1092.) Nor was a motion for mistrial made before a verdict on the summary charges was directed after I re-entered the courtroom. (Id. at 1093.) Failure of Noviho to object at trial to this alleged procedural impropriety at trial waived that objection on appeal. See **Commonwealth v. Romesburg**, 353 Pa. Super. 215, 223, 509 A.2d 413, 417 (1986), and cases cited therein.

### B. Weight/Sufficiency of the Evidence

Noviho has raised the issue of whether the evidence was sufficient to support his summary convictions, given that the jury did not find the violations sufficient to convict on the felony charges. (See Statement of Errors at ¶¶ 3-5; see also N.T. at 1090, 1094.) Noviho also argued at trial that the Court's verdict of guilty on the summary motor vehicle charges is inconsistent with the jury's verdict of not guilty on the other felony offenses that stemmed from the same alleged course of conduct. (See N.T. at 1094-96.)

---

[7] There is nothing that prevents a trial judge from meeting with the jurors to thank them for their service following their discharge from the case. My meeting with the jurors, outside of Noviho's presence, occurred after the jury had delivered its unanimous verdict, and after the verdict was recorded by the clerk. (N.T. at 1088-90.)

6

Our appellate courts have recognized that a criminal defendant who has been charged with both a summary offense and a felony offense may be placed in the unusual situation of having a trial before two separate and distinct fact finders – a jury on the felony charge and a trial judge on the summary charge. *See, e.g.,* **Commonwealth v. Barger**, 956 A.2d 458, 459 (Pa. Super. 2008) (rape (F) and harassment (S)); **Commonwealth v. Wharton**, 406 Pa. Super. 431-32, 436, 594 A.2d 696, 697 (1991) (involuntary manslaughter (F) and driving at unsafe speed (S)); **Commonwealth v. Bowman**, 400 Pa. Super. 525, 526, 583 A.2d 1239, 1240 (1990) (accidents involving death or personal injury (F) and driving under suspension (S)). *See also* **Commonwealth v. Costa-Hernandez**, 802 A.2d 671 (Pa. Super. 2002) (DUI (M) and driving under suspension (S)); **Commonwealth v. Long**, 753 A.2d 272 (Pa. Super. 2000) (same); **Commonwealth v. Yachymiak**, 351 Pa. Super. 361, 505 A.2d 1024 (1986) (same). Such a consolidated jury/bench trial gives rise to the possibility of inconsistent factual findings. **Barger**, *supra* at 460. However, even if the judge's findings of fact, which support a conviction on the summary violation, do not comport with the jury's findings, which result in an acquittal of the felony charge, the judge's findings will not be disturbed on appeal, as the judge is under no duty to defer to the jury's findings on common factual issues. **Yachymiak**, *supra* at 366-67, 505 A.2d at 1026-27. *See also* **Wharton**, *supra* at 437, 594 A.2d at 699. Thus, inconsistent verdicts are permissible in Pennsylvania. **Barger**, *supra* at 460-61.

As I explained at trial, however, the two verdicts in this case are not necessarily inconsistent. A conviction for homicide by vehicle would have necessitated three

7

findings of fact: (1) Noviho caused the death of Joshua Alan West and/or Joshua Charles West (2) by acting recklessly or with gross negligence, (3) while violating a Motor Vehicle Code regulation. See 75 Pa. C.S.A. § 3732(a). My findings that Noviho violated three provisions of the Motor Vehicle Code are inconsistent only if the acquittal was based on the jury's doubt that Noviho operated his vehicle in violation of a driving regulation rather than on the absence of the other two elements of the offense. As I noted to counsel:

> [T]he jury . . . asked a number of questions with regard to the second element, that the defendant acted recklessly or with gross negligence.[8] They asked a number of questions, and they could very well have found a violation of the Vehicle Code and then found, however, that the conduct of the defendant was merely negligent or something else and not grossly negligent or reckless, as required by homicide by vehicle.

(See N.T. at 1096.) The jury in this case apparently struggled with the question of whether Noviho's conduct was reckless or grossly negligent. The verdicts in this case were not necessarily inconsistent. The "[Superior] Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is evidence to support the verdict." **Commonwealth v. Swann**, 431 Pa. Super. 125, 128, 635 A.2d 1103, 1104-05 (1994). Therefore, I will address the sufficiency of the evidence as to each summary offense.

---

[8] The jury, in fact, asked that the second element of homicide by vehicle regarding recklessness or gross negligence be reread four times during their deliberations. (See N.T. at 1057, 1060, 1081, 1085.)

8