# EXHIBIT "B" PART 3

### 1. Count 5 – Too Slow for Conditions, 75 Pa. C.S.A. § 3364(a)

Noviho was first found guilty of the summary offense of driving too slow for conditions. Section 3364 of the Motor Vehicle Code provides in relevant part:

> **(a) Impeding movement of traffic prohibited.** – Except when reduced speed is necessary for safe operation or in compliance with law, no person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic.

75 Pa. C.S.A. § 3364(a). To establish a violation of § 3364, the Commonwealth does not have to prove the speed at which the defendant was driving. **Commonwealth v. Robbins**, 441 Pa. Super. 437, 657 A.2d 1003 (1995). However, an element of the offense is proof that the defendant's slow driving speed impeded the flow of traffic. Id.

Noviho claims the Commonwealth failed to establish that his "'slow speed was not necessary for safe operation' where there was no testimony presented as to the reasons for [Noviho's] speed or that the 'reasonable movement' of traffic was impeded." (See Statement of Errors at ¶ 3.) This argument must be rejected as the evidence clearly and unequivocally established both the reason for Noviho's slow speed and its impact on traffic.

It is undisputed that the applicable speed limit on the relevant stretch of Route 222 is 65 mph. (See N.T. at 589.) The Commonwealth's accident reconstruction expert, Officer Bryan Kondras, conclusively determined that Noviho was operating his tractor at 17 mph at the time of impact with the West vehicle. (Id. at 618, 620.) Noviho initially reported to the police that he was driving between 50 and 55 mph in a known 65 mph zone. (Id. at 729, 745; see also Commonwealth Exhibits 21 & 22.) The expert

9

evidence would later establish that, in fact, Noviho had been traveling at speeds of 55 mph 1 minute and 44 seconds *prior* to the collision. (Id. at 615.) However, Noviho then brought his tractor to a stop, either on the roadway or on the shoulder of the road,[9] for 26 seconds. (Id. at 616-17.) Noviho re-entered the highway or resumed his travel just 16 seconds prior to the crash. (Id. at 618-19; *see also* Commonwealth Exhibit 19.) During that short time, Noviho only accelerated his tractor over 197 feet to a maximum speed of 17 mph at the time of impact. (Id. at 617-18, 621-22; *see also* Commonwealth Exhibit 19.) The Commonwealth's expert testified that, from the forensic evidence, Noviho was "not in a hurry to get up to speed." (Id. at 624.) The expert was also able to determine that there were no mechanical defects or malfunctions in the tractor, no roadway defects and no adverse weather conditions that might have contributed to the slow speed of the tractor and the ultimate crash. (Id. at 638.)

From this evidence, the reason for Noviho's slow speed was sufficiently established. Noviho pulled into traffic on a 65 mph highway from a dead stop and did not accelerate sufficiently to avoid impact with another vehicle on the roadway who was traveling with the normal flow of traffic.[10] (Id. at 626-27.) The slow speed was clearly not "necessary for safe operation or in compliance with law." *See* 75 Pa. C.S.A.

---

[9] The Commonwealth expert testified only that the tractor was stopped either on the northbound roadway or on the shoulder of Route 222 197 feet before the Landis Valley Road overpass where the impact occurred. (N.T. at 617, 618, 621.) The forensic data and reconstruction analysis could not definitively place the stopped tractor either in the lane of travel or outside the lane of travel. (Id. at 625.) There is an improved shoulder in that location but no designated parking area or rest area. (Id. at 616-17.)

[10] Both James Schlinkman and Michele Levisky testified that they were driving at approximately 70 mph in the 65 mph zone. (N.T. at 247, 382.) According to these eyewitnesses, the West vehicle was traveling between 65 and 70 mph. (Id.) Thus, the West vehicle was traveling with the normal flow of traffic at the time of impact.