# EXHIBIT "B" PART 4

§ 3364(a). To the contrary, the Commonwealth expert testified that safety required Noviho to drive his tractor on the improved shoulder for a sufficient distance until he was operating at a safer speed to enter the highway and merge into traffic.[11] (Id. at 627.)

In order to constitute a violation of § 3364(a) of the Motor Vehicle Code, the Commonwealth had to further establish that Noviho's slow speed "impede[d] the normal and reasonable movement of traffic" on Route 222. See 75 Pa. C.S.A. § 3364(a). As for the "movement of traffic," there was abundant testimony to the presence of other vehicles on the roadway while Noviho was driving at the prohibited slow rate of speed. Noviho himself reported to the police that the traffic volume on Route 222 at the time of the collision was "normal," thus, indicating the presence of other vehicles on the roadway with him. (N.T. at 730.) Moreover, there was testimony at trial from two eyewitnesses to the collision who were traveling beside and behind the West vehicle at the time of impact.[12] (See Id. at 245-50; 382-91.) Clearly, there was sufficient evidence to establish the presence of traffic on Route 222 to impede.[13]

---

[11] The improved berm continued from where Noviho was first stopped, 197 feet south of the Landis Valley Road overpass, to beyond the point where the tractor came to stop after the collision. (N.T. at 598.)

[12] James Schlinkman testified that the traffic conditions on Route 222 were "[l]ight to moderate. Not real heavy." (N.T. at 380.) Michele Levisky also testified that there were vehicles ahead of her as she was driving in the left lane of Route 222 just prior to the collision. (Id. at 248-49.)

[13] The majority of the decisions in the Pennsylvania Common Pleas Courts hold that when determining whether slow speed is a violation (or may serve as reasonable articulable suspicion for a stop) there must be some testimony as to the presence of other vehicles on the roadway besides the defendant's vehicle and perhaps the police officer's vehicle. See **Commonwealth v. McGrath**, 78 Bucks Co. L. Rep. 212 (2004) (traffic stop not lawful where officer testified that there was no other traffic on roadway during his interaction with defendant,

The question for the Court then was when does a slow-moving vehicle "impede" the normal movement of traffic. This Court has found only two published Pennsylvania appellate court decisions interpreting this statute. In **Commonwealth v. Robbins**, 441 Pa. Super. 437, 657 A.2d 1003 (1995), the Superior Court affirmed the defendant's conviction of impeding the "normal and reasonable movement of traffic" where he was driving between 18 and 28 mph below the posted maximum speed limit in a no-passing zone and causing a large number of vehicles to be backed up behind him. The Court explained:

> All that needed to be shown was that [Robbins] was operating his vehicle at such a slow speed that it was an impediment to the normal and reasonable movement of traffic. The testimony of the two officers indicated that [Robbins] was driving very slowly at a rate of speed of about 17 miles per hour through no-passing zones with speed limits of 35 and 45 miles per hour. *The officers also mentioned that between 18 or 20 cars were trailing behind [Robbins] and the operators of those vehicles were angry, raising their fists and honking their horns at [Robbins]*.

Id. at 440, 657 A.2d at 1004 (emphasis added). This decision suggests that the driver of a slow-moving vehicle impedes traffic when his or her reduced speed interrupts the "normal and reasonable movement of traffic" by blocking or backing up traffic.

---

so slow rate of speed could not have impeded the normal movement of traffic); **Commonwealth v. Haugh**, No. C.A. 03-440, *slip op.* (Butler Co., June 17, 2003) (no reasonable suspicion of a violation of § 3364 where police officer testified there was no other traffic on the road during the four miles that he followed defendant driving at a slow speed); **Commonwealth v. Memminger**, No. 1481 Criminal 1999, *slip op.* (Monroe Co., Feb. 23, 2000) (no reasonable suspicion of a violation of § 3364 where the only traffic on highway at the time of the stop for slow speed was defendant's car and the police car that had been following him for five miles); *cf.* **Commonwealth v. Faustner**, No. 1742 of 2005, *slip op.* (Lehigh Co., Dec. 28, 2005) (summary vehicle code stop for "impeding traffic" lawful where no "civilian traffic" on roadway at the time, but only police officer's vehicle).

12