# EXHIBIT "B" PART 5

Other jurisdictions that have considered impeding traffic statutes, which are nearly identical to Pennsylvania's statute, have also focused on whether a driver's slow speed blocked or otherwise backed-up traffic. *See, e.g.*, **State v. Pray**, 5 Kan. App.2d 173, 613 P.2d 400 (1980) (holding that driving farm combine 12-15 mph on a state highway with a 13-vehicle back-up provided sufficient evidence to find the driver guilty of impeding the normal and reasonable movement of traffic); **State v. Lewis**, 980 So.2d 251 (La. App. 3rd Cir. 2008) (holding valid traffic stop where the speed limit was 70 mph and there were 8 cars waiting in the passing lane for a vehicle traveling less than the speed limit to move over so that they could pass by, thus impeding the normal flow of traffic); **State v. Haataja**, 611 N.W.2d 353 (Minn. Ct. App. 2000) (holding that an officer had reasonable suspicion to initiate a stop of a car where the driver was traveling 10-15 mph slower than the posted maximum speed limit and other cars were backed-up behind defendant); **State v. Benders**, 334 Mont. 231, 146 P.3d 751 (2006) (holding that driving approximately 30-45 mph under the posted maximum speed limit and a build-up of at least 4 vehicles gave officer "sufficient information, under the totality of the circumstances, to establish particularized suspicion that [defendant] was violating the law against impeding traffic"); **Moreno v. State**, 124 S.W.3d 339 (Tex.App. 2003) (holding that driving 25 mph in 45 mph zone provided officer with probable cause to stop vehicle for impeding traffic where officer also observed traffic backed up behind defendant's vehicle due to slow driving). Clearly, a driver can "impede" or interrupt the normal and reasonable movement of traffic if he or she causes other vehicles to come to a stop or a crawl.

13

Employing similar reasoning, our Superior Court concluded, in the second published appellate court decision interpreting § 3364(a), that when a driver's slow speed does not affect other motorists then the driver is not impeding the normal and reasonable movement of traffic. In **Commonwealth v. Lana**, 832 A.2d 527 (Pa. Super. 2003), the Superior Court found a traffic stop based on § 3364 to be without probable cause where a police officer stopped a motorist with out-of-state tags driving 5 to 10 mph in a 20 mph zone at 4:00 a.m. on a residential street in a high-crime area of Philadelphia. Citing to the record, the Court summarily concluded that "[n]o traffic was impeded by the speed of appellant's vehicle." Id. at 529. The Court further noted that the officer followed the slow-moving motorist "for a distance of just one block, barely enough time in which to fasten one's seat belt and adjust the mirrors." Id. As there was no evidence of the slow driving affecting other traffic, the Court held the officer lacked probable cause to execute a traffic stop of the defendant. Id. at 529-30. See also **Commonwealth v. Henderson**, 87 Bucks Co. L. Rep. 478 (2014) (stop unlawful where officer testified other traffic on roadway minimal and not impacted or affected in any way by defendant's sudden and rapid deceleration to an almost full stop in the middle lane of a three-lane highway); **Commonwealth v. Puskar**, No. 1859 of 2005, slip op. (Fayette Co. May 18, 2006) (where officer testified there was other traffic on the road but he had no recollection as to whether any vehicles were following behind defendant, court concluded officer had no knowledge that slow speed was impeding 'the normal and reasonable movement of traffic").

Other states have similarly decided that when a driver's slow speed does not have an effect upon other motorists on the roadway then the driver is not impeding the

14

flow of traffic. See, e.g., **Agreda v. State**, 152 So.3d 114 (Fla. Dist. Ct. App. 2014) (concluding that detective lacked legal basis for traffic stop for driving at such a slow speed as to impede the normal flow of traffic, even if five other vehicles were following behind the vehicle, where highway had two lanes in each direction, traffic was otherwise light, detective had no trouble passing all the vehicles to reach the lead vehicle, and vehicle's speed of 45 mph was within the permissible range for the highway); **People v. Beeney**, 181 Misc.2d 201, 694 N.Y.S.2d 583, 586 (N.Y. Co. Ct. 1999) (noting that "the dispositive factor when determining whether slow speed is a violation (or may serve as reasonable articulable suspicion for a stop) is its effect upon other drivers"); **State v. Bacher**, 170 Ohio App. 3d 457, 867 N.E.2d 864 (2007) (concluding that officer lacked reasonable suspicion to initiate a stop of defendant's vehicle for impeding or blocking traffic when there was no evidence in the record that defendant's slow speed affected other drivers); **State v. Tiffin**, 202 Or.App. 199, 121 P.3d 9 (2005) (where the speed was not significantly below the speed limit, there were no other cars on the road, and, if the officers' vehicle was blocked at all, it was for a very short distance, it cannot be said that defendant was blocking or impeding the normal and reasonable flow of traffic).

Clearly, the duty imposed by § 3364(a), and other statutes around the country like it, that proscribes against the slow speed of traffic upon state highways is for the purpose of protecting against the risk that a slow-moving vehicle would block traffic or create a dangerous condition on a highway designed and customarily used to carry fast-moving traffic. This is precisely what happened in the instant case. The Commonwealth established (1) Noviho's operation of a motor vehicle below the posted