# EXHIBIT "B" PART 6

speed limit, (2) which operation, impeded the "normal and reasonable movement of traffic."

Here, Noviho was driving on a controlled access, two-lane, one-way portion of the highway. He knew or should have known that other vehicles were likely to be driving at speeds within the maximum permitted by statute – 65 mph. He was at a place where there was, insofar as the road was concerned, no apparent reason for curtailment of speed (such as warnings, obstructions, entrances, exits, etc.) or other existing condition which would cause a following motorist to anticipate that a driver in front would be driving at, or would slacken to, an unusually slow speed. Coupled with this is the important circumstance that Noviho had been driving at 55 mph. Within a two minute period, he brought his truck from 55 mph to a dead stop and then started his movement again, all the while without giving any warning, by use of his hazard lights, of his stopping or starting. He knew or should have known, by simply looking, that there were motorists behind him.[14] This conduct was voluntary on his part and was not necessary for safe operation or to comply with any law.

Under the circumstances of this case, there existed a substantially dangerous condition as created by Noviho's below speed limit driving that not just impeded traffic, but, as required by law, impeded the normal and reasonable movement of traffic and resulted in a fatal collision.[15] We, therefore, could conclusively determine from the facts

---

[14]Both eyewitnesses to the collision testified that the headlights on the West vehicle were on and illuminated the tractor at the time of impact. (N.T. at 245, 248, 251, 383, 385.)

[15]Moreover, the West vehicle could not safely pass the slow-moving tractor in the right lane as testimony established a passing car in the left lane in the moments prior to impact. (N.T. at 245, 247-48.)

16

as presented by the Commonwealth that Noviho was in violation of § 3364 of the Motor Vehicle Code.

### 2. Count 7 – Vehicular Hazard Signal Lamps, 75 Pa. C.S.A. § 4305

Noviho was also convicted at Count 7 of driving without the required vehicular hazard signal lamps. Section 4305 of the Motor Vehicle Code provides, in relevant part, as follows:

> **(a) General rule.**– Simultaneous flashing of the two front and two rear signal lamps shall indicate a vehicular traffic hazard. The driver of a motor vehicle equipped with simultaneous flashing signals shall use the signals when the vehicle is stopped or disabled on a highway, except when the vehicle is stopped in compliance with a traffic-control device or when legally parked. . . .
>
> **(b) Use outside business and residence districts.**– Outside of a business or residence district:
> (1) The driver of a motor vehicle or combination equipped with simultaneous flashing signals shall use the signals when the vehicle is unable to maintain a speed of at least 25 miles per hour because of weather, grade or other similar factors or is unable to maintain a speed consistent with the normal flow of traffic.
> . . .
>
> **(c) Use below minimum speed limit.**– The driver of a motor vehicle or combination equipped with simultaneous flashing signals shall use the signals when the vehicle is not maintaining at least the minimum speed established in accordance with the provisions of section 3364 (relating to minimum speed regulation).

75 Pa. C.S.A. § 4305(a)-(c).

Noviho was originally charged at Count 7 with violating subsection (c) above and, accordingly, Count 7 is identified on the Information as "Use Below Minimum Speed Limit." However, during the trial in this matter, on oral motion of the Commonwealth's

17