# EXHIBIT "B" PART 7

attorney and without objection from defense counsel, the Information was amended at Count 7 to delete subsection (c) and to add subsections (a) and (b)(1).  (N.T. at 62; *see also* N.T. at 74.)  I made a notation on the Information to reflect these changes regarding the applicable subsections but I did not change the caption for Count 7 which read: "Use Below Minimum Speed Limit."  This explains why, when I pronounced the verdict on Count 7, I referred to "use below minimum speed limit."  (Id. at 1094.)  In fact, Noviho was found guilty of violating subsections (a), "General Rule," and (b)(1), "Use outside business and residence districts."

Under the Pennsylvania Motor Vehicle Code, the use of hazard lights to warn of a traffic hazard is mandatory.  Pursuant to § 4305(a), "[t]he driver of a motor vehicle equipped with simultaneous flashing signals *shall* use the signals when the vehicle is stopped or disabled on a highway, except when the vehicle is stopped in compliance with a traffic-control device or when legally parked."  75 Pa. C.S.A. § 4305(a) (emphasis added).  The Commonwealth, therefore, was required to establish the following three facts: (1) Noviho's tractor was stopped, (2) on a highway, (3) without his flashing signals activated.

Route 222 constitutes a "highway" under § 4305 because the street is publicly maintained and open to the public for vehicular traffic.[16]  Moreover, the tractor met the definition of "stopped" under § 4305.  "Stopped" includes "any halting even

---

[16]Section 102 of the Vehicle Code defines highways as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. . . ." 75 Pa. C.S.A. § 102. Thus, whether Noviho was on the traveled portion of the roadway or on the berm or shoulder, he was nonetheless on the highway.

momentarily." 75 Pa. C.S.A. § 102.[17] The use of the word "any" accounts for all stops regardless of the duration. Noviho's tractor was "stopped," for purposes of § 4305(a), on Route 222 for 26 seconds. (N.T. at 616.) The statute does provide for exceptions such as stopping to "avoid conflict with other traffic" or to comply "with the directions of a police officer or traffic-control sign or signal." 75 Pa. C.S.A. § 102. However, there was no evidence presented to suggest that Noviho stopped his tractor on the highway to avoid conflict with other traffic. Nor was there evidence to indicate that Noviho was merely abiding by traffic signs, signals, or officer directions.

Lastly, there was sufficient evidence to find that, when Noviho's tractor was stopped on the highway for 26 seconds, he did not utilize his flashing signals. Both eyewitnesses to the collision testified that they never saw a vehicle pulled off to the side of the roadway ahead of them with *any* lights on. (N.T. at 261, 383-84.) It was the consistent testimony of both drivers that the object which the West vehicle struck came out of the darkness. (Id. at 245-46, 249-51, 260, 383.)

Based upon all of the evidence provided at trial, Noviho was properly found guilty of the summary offense of being "stopped" on a "highway" without using his flashing signals to warn other drivers of a traffic hazard.[18] 75 Pa. C.S.A. § 4305(a).

---

[17]Section 102 of the Vehicle Code defines "stopped" as "any halting even momentarily of a vehicle, whether occupied or not, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer or traffic-control sign or signal." 75 Pa. C.S.A. § 102.

[18]The evidence would also have supported a violation of subsection (a) for failure of Noviho to use his flashing signals to warn of a traffic hazard *after* the collision when he was stopped on the shoulder of Route 222 while rescue efforts were being conducted on the occupants of the West vehicle. (*See* N.T. at 206, 232-33, 253, 255, 392, 604; *see also* Commonwealth Exhibit 7.) The testimony of four eyewitnesses that Noviho failed to activate his flashers on the tractor is in stark contrast to Noviho's two statements to the police the night of