# EXHIBIT "B" PART 8

Noviho was also charged with the related vehicular hazard signals offense found in § 4305(b)(1). Pursuant to that subsection, when outside business and residential areas,[19] "[t]he driver of a motor vehicle or combination equipped with simultaneous flashing signals shall use the signals when the vehicle is unable to maintain a speed of at least 25 miles per hour because of weather, grade or other similar factors or is unable to maintain a speed consistent with the normal flow of traffic." 75 Pa. C.S.A. § 4305(b)(1). Noviho claims the evidence at trial failed to establish that he was "unable" to maintain a speed consistent with the normal flow of traffic where there was no testimony presented as to whether his vehicle was unable to "maintain speed." (See Statement of Errors at ¶ 4.)

The assumption by the Court is that Noviho is suggesting he was accelerating at the time of impact with the West vehicle and had not reached his maintainable speed. The statute requires the use of hazards when a vehicle is "unable to maintain a speed consistent with the normal flow of traffic." 75 Pa. C.S.A. § 4305(b)(1). Whether accelerating or not,[20] Noviho was driving in a designated lane of travel on a high-speed

---

the accident that he activated his "emergency lights" or "four-way flashers" after he "felt an impact from behind." (Id. at 729, 744, 745.)

[19]The testimony conclusively established that this section of Route 222 was outside business and residential areas, ran through a rural stretch of countryside, and was very dark. (N.T. at 116-17, 159, 210, 243-44, 381, 589-90.)

[20]What distinguishes this case is the fact that Noviho was not entering the highway from an entrance ramp which allows a vehicle to accelerate to the appropriate speed to merge into oncoming traffic. Such an approach lane also alerts highway traffic to the possibility of other vehicles entering the roadway at a reduced speed, although the vehicle entering the highway must always yield to oncoming traffic. See 75 Pa. C.S.A.§ 3321. In this case, Noviho stopped his vehicle on the highway and was attempting to re-enter the flow of traffic. He failed to use the improved shoulder as an acceleration ramp to achieve even a moderately safe speed before entering the highway and merging into traffic. (See N.T. at 627.)

road at a substantially subnormal speed that was clearly not consistent with the normal flow of traffic which was traveling at speeds of approximately 65 to 70 mph. (See N.T. at 247, 382.) Because Noviho could not maintain a speed consistent with the traffic flow on Route 222, he was required by law to activate his hazard lights to alert drivers to a dangerous condition on the highway.

Again, the testimony of the two eyewitnesses to the collision established the absence of Noviho's hazard lights. James Schlinkman testified that immediately prior to impact, he saw neither hazard lights, running lights, nor tail lights on the tractor. (N.T. at 383-84.) Similarly, Michele Levisky stated she saw no flashing hazards, no headlights, and no steady tail lights. (Id. at 251, 255.) This evidence conclusively established that Noviho failed to use his flashing signals when he was driving on Route 222 at a speed significantly less than the normal flow of traffic for a 65 mph zone.

### 3. Count 8 – Move Vehicle Unsafely, 75 Pa. C.S.A. § 3333

Lastly, Noviho challenges this Court's verdict on the summary charge of failing to move his vehicle safely from a stopped position on the roadway. Section 3333 of the Motor Vehicle Code provides: "No person shall move a vehicle which is stopped, standing or parked unless and until the movement can be made with safety." 75 Pa. C.S.A. § 3333. Noviho charges that the Commonwealth failed to establish beyond a reasonable doubt "that the movement of [his] vehicle onto the roadway was unsafe where there was no testimony as to *when* the vehicle entered the roadway." (See Statement of Errors at ¶ 5 (emphasis added).)

21