**EXHIBIT "B"** PART 10

post-trial practice are applicable here.[23] Rule 607 provides, in relevant part, that a claim that the verdict was against the weight of the evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; (3) or in a post-sentence motion." Pa. R.Crim.P. 607(a). Noviho did not move for a new trial on weight of the evidence grounds at the conclusion of trial nor did he file a post-sentence motion raising a weight of the evidence claim. As such, this claim is waived. **Commonwealth v. Walsh**, 36 A.3d 613, 622 (Pa. Super. 2012) (citing **Commonwealth v. Priest**, 18 A.3d 1235 (Pa. Super. 2011) (concluding that appellant's claim that the verdict was against the weight of the evidence was waived because it was not presented to the trial court in a post-sentence motion)). See also Pa. R.Crim.P. 607, Comment ("The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.")).

Assuming, arguendo, that Noviho's weight of the evidence argument has been preserved for appellate review, it lacks merit. A claim that the verdict is contrary to the weight of the evidence "concedes that there is sufficient evidence to sustain the verdict,

---

Pa.R.Crim.P. 400 provides that "[i]f one or more of the offenses charged is a misdemeanor, felony, or murder, the case is a court case (see Rule 103) and proceeds under Chapter 5 of the rules. Ordinarily, any summary offenses in such a case, if known at the time, must be charged in the same complaint as the higher offenses and must be disposed of as part of the court case." Pa. R.Crim.P. 400 Comment (citations omitted). Chapters 5, 6 and 7 of the Criminal Rules govern procedures in court cases and, therefore, govern this case.

[23] I note that Pa.R.Crim.P. 720(D), which prohibits post-sentence motion practice in summary convictions following a trial de novo, did not apply because the summary convictions were not from a trial de novo after losing before the local district magistrate judge, see **Commonwealth v. Dixon**, 66 A.3d 794, 797 (Pa. Super. 2013), and because Rule 400 requires the summary offenses be addressed as court cases. Pa.R.Crim.P. 400, Comment.

but nevertheless contends that the trial judge should find the verdict so shocking to one's sense of justice and contrary to the evidence as to make the award of a new trial imperative." **Commonwealth v. Robinson**, 834 A.2d 1160, 1167 (Pa. Super. 2003). See also **Commonwealth v. Lewis**, 911 A.2d 558, 566 (Pa. Super. 2006).

Our Superior Court has explained the proper standard of review applicable to a challenge to the weight of evidence:

> [T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

**Commonwealth v. Shaffer**, 40 A.3d 1250, 1253 (Pa. Super. 2012) (*quoting* **Commonwealth v. Champney**, 574 Pa. 435, 444, 832 A.2d 403, 409 (2003)).

Considering the quality and quantity of the evidence in this case, as outlined above, there is no reason to reject the verdicts. This Court had the opportunity to see and hear the expert and lay witnesses and evaluated and determined the credibility and the weight of the evidence in favor of the Commonwealth and against Noviho. The verdicts in this case certainly do not shock this Court's sense of justice so as to make the award of a new trial imperative.