# EXHIBIT "B" PART 11

C.     **Motion *in Limine***

Noviho next claims the Court erred in granting the Commonwealth's motion *in limine*,

> including the decision to exclude the testimony of [Noviho's] expert witness prepared to testify to the reflective qualities of reflective tape placed on the rear of the truck, and an individual's ability to perceive and react to an obstacle, and allowing the Commonwealth's witnesses to opine as to whether the individual that ran into the back of the truck had time to perceive and react to the presence of the truck.

(Statement of Errors at ¶ 1.) This adverse evidentiary ruling by the Court allegedly violated Noviho's constitutional rights, and "necessarily negates essential elements of the Summary Offenses of which he was convicted." Id.

Admission of evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. **Commonwealth v. Begley**, 566 Pa. 239, 265, 780 A.2d 605, 620 (2001). An abuse of discretion requires "not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." **Commonwealth v. Charlton**, 902 A.2d 554, 559 (Pa. Super. 2006) (*quoting* **Commonwealth v. Widmer**, 560 Pa. 308, 322, 744 A.2d 745, 753 (2000)).

The admissibility of an expert opinion is governed by Pennsylvania Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical or other specialized knowledge is beyond that possessed by the average layperson;
(b) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and
(c) the expert's methodology is generally accepted in the relevant field.

Pa.R.E. 702. It has long been the law of this Commonwealth that "[t]he purpose of expert testimony is to assist the factfinder in grasping complex issues not within the knowledge, intelligence, and experience of the ordinary layman." **Commonwealth v. Page**, 59 A.3d 1118, 1135 (Pa. Super. 2013) (quoting **Commonwealth v. Begley**, 566 Pa. 239, 263, 780 A.2d 605, 621 (2001)). On the other hand, "[p]henomena and situations which are matters of common knowledge, may not be the subject for expert testimony." **Collins v. Zediker**, 421 Pa. 52, 53, 218 A.2d 776, 777 (1966).

At the start of trial, the Commonwealth presented a motion in limine seeking to preclude, inter alia, the proffered testimony of defense "human factors" expert, Mark Lee Edwards, Ph.D., that a reasonably alert driver would have been able to detect and respond to the presence of Noviho's tractor based on the conspicuity markings on the rear of the tractor alone. (Commonwealth Motion in Limine at ¶ 20.) The Commonwealth argued in its motion that this proffered expert testimony failed to satisfy the test of Pa.R.E. 702 because (1) the jury did not require Dr. Edwards' expertise in understanding this subject matter, and (2) his opinions would invade the province of the jury. (Id. at ¶¶ 21-24.)

Noviho objected to the motion on two grounds. First, he argued that "[h]uman factors experts have long been accepted as appropriate expert witnesses." (Defendant's Response to Commonwealth's Motion in Limine at ¶ 21.) In fact, our

27

research uncovered no Pennsylvania cases allowing human factors testimony in a criminal case.[24] Second, Noviho claimed "a lay person would have little or no knowledge regarding the properties of reflective tape and the ability to perceive." (Id.) To the contrary, as noted by our sister court in **Morningstar v. Hoban**, 55 Pa. D.&C.4th 225 (Allegh. Co. 2002), when excluding the proffered testimony of a human factors expert on the ability of a layperson to estimate speeds:

> There are few skills better known to an average person than those surrounding driving. This includes estimating the speed of cars all around each of us every day. Expert testimony attacking the estimates of speed provided by eyewitnesses such as these with ample experience and opportunity for observation is impermissible both because the subject is not beyond the knowledge and skill of a layperson and because to permit the testimony would intrude upon the jury's function of deciding credibility. The proper methodology for attacking such testimony is the time tested art of cross-examination and not through expert testimony.

Id. at 251.

I would add that also included among the driving skills of a layperson is the ability to observe and react to reflective markings on other vehicles. This is something within the common knowledge and experience of all drivers and does not require expert testimony to understand. See **Collins v. Zediker**, *supra* (expert opinion offered as to speed of a pedestrian's pace was reversible error as matter was within common

---

[24]There are a handful of reported appellate *civil* cases where human factors experts were permitted to testify. See **Reinoso v. Heritage Warminster SPE LLC**, 108 A.3d 80 (Pa. Super. 2015); **Mitchell v. Gravely Int'l, Inc.**, 698 A.2d 618, 620 (Pa. Super. 1997); **Riley v. Warren Mfg., Inc.**, 455 Pa. Super. 384, 392, 688 A.2d 221, 225 (1997); **Mackowick v. Westinghouse Electric Corp.**, 373 Pa. Super. 434, 442, 541 A.2d 749, 752 (1988), aff'd, 525 Pa. 52, 575 A.2d 100 (1990); **Smith v. Kelly**, 2009 WL 9101529 (Pa. Cmwlth. 2009). See also **Frey v. Harley Davidson Motor Company, Inc.**, 734 A.2d 1 (Pa. Super. 1999) (expert testimony on visibility conspicuity permitted).