# EXHIBIT "B" PART 12

knowledge and experience of jury); **Christiansen v. Silfies**, 446 Pa. Super. 464, 667

A.2d 396 (1995) (expert testimony concerning weather conditions at time and place of

accident properly excluded because weather conditions involve matters of common

knowledge that are easily described and understood by laymen, and there was

eyewitness testimony regarding the density of fog and level of visibility at accident

scene). *See also* **Commonwealth v. Robertson**, 874 A.2d 1200, 1207 (Pa. Super.

2005) (determining what areas of the body are vital is not a complex issue that would

require medical testimony; "an ordinary layman could conclude without expert testimony

that [the victim's] head, stomach, and neck are vital areas").

Based upon the case law and the facts of this case, I ruled that Noviho's human

factors or conspicuity expert would be permitted to testify only to the existence of the

reflective material on the truck and to the placement of the material on the tractor in

compliance with the federal laws regarding such. (N.T. at 899-90.)  The expert was

precluded, however, from testifying as to the distances at which the reflective material

could have or should have been visible to the West vehicle. (Id. at 900.)  After

reviewing the expert report, it was clear that this expert could not offer testimony with

regard to the location, condition and/or type of headlights on the West vehicle, or the

angle at which they shone on the rear of Noviho's tractor. (Id. at 900-01.)  Nor could

the expert testify to the specific road and lighting conditions at the time of the collision.

More importantly, there were two lay witnesses in this case, Levisky and

Schlinkman, who testified to their ability to perceive the reflective markings on Noviho's

tractor, a matter of common knowledge easily described and understood by ordinary

29

citizens. (*See* N.T. at 245, 249, 250-51, 261, 385.)  The availability of firsthand

observations from these eyewitnesses who were at the scene made the testimony of a

human factors expert unnecessary and, indeed, permitting such testimony would have

infringed on the jury's right to determine credibility.  *See* **Commonwealth v. Delbridge**,

771 A.2d 1, 5-6 (Pa. Super. 2001).

Accordingly, following extensive argument by counsel, I ruled, on the record, that

the Commonwealth's motion *in limine* to preclude the expert testimony of Dr. Edwards

as to a driver's ability to perceive reflective markings on a tractor was granted as this

was something every layperson with a driver's license could easily detail and

comprehend.  (*See* N.T. at 893-903.)  This evidentiary ruling was not an abuse of the

Court's discretion and Noviho's challenge to the ruling is without merit.

### D.    Accident Scene Photographs

Lastly, Noviho argues that the Court erred "by excluding from evidence

photographs taken at the scene of the accident showing the positioning of the truck at

the scene of the accident, emergency triangles placed at the scene of the accident and

that the truck in question was visible from a significant distance."  (Statement of Errors

at ¶ 2.)  Again, Noviho claims this adverse evidentiary ruling by the Court violated his

constitutional rights, and "necessarily negates essential elements of the Summary

Offenses of which he was convicted."  Id.

Although Noviho does not specifically identify the challenged photographs for the

Court, a review of the record indicates that Defense Exhibits 11, 12 and 13 were

objected to by the Commonwealth and not admitted into evidence.  (*See* N.T. at 493-500, 951-52.)  I will assume these photographs form the basis of Noviho's evidentiary challenge.

The admission of photographs is largely within the discretion of the trial court and will not be reversed except for an abuse of discretion.  **Commonwealth v. Lowry**, 55 A.3d 743, 753 (Pa. Super. 2012) (*citing* **Commonwealth v. Malloy**, 579 Pa. 425, 856 A.2d 767, 776 (2004)).  Here, there was no abuse of discretion in refusing to admit into evidence, for conspicuity purposes, Noviho's photographs of his tractor, where the photographs, although taken on the night of the crash, did not accurately depict the scene of the collision or the conditions at the time of impact.  Specifically, (1) the tractor was positioned on the berm as opposed to the right lane of travel, some distance from the point of impact, (2) the tractor was artificially illuminated, and (3) reflective triangles had been placed near the tractor following the crash.  (N.T. at 494-99.)  *See* **Commonwealth v. Iafrate**, 385 Pa. Super. 579, 586, 561 A.2d 1244, 1247 (1989), *rev'd on other grounds*, 527 Pa. 497, 594 A.2d 293 (1991) (no abuse of discretion in court's refusal to admit into evidence photographs purporting to show the placement of vehicles on the street at the time of the incident given the different lighting conditions, the different distances of the car from the curb, and the insufficient foundation laid for the photo depicting the defendant posed by a car); **Yachymiak**, 351 Pa. Super. at 364-65, 505 A.2d at 1025-26 (court did not abuse its discretion in excluding photographs due to its doubt that the lighting, brightness levels, relative heights, depths and distances sufficiently reproduced the observations of the police, thereby failing to establish the probative value of the photographs).