IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAWUYRAYRASSUNA EMMANUEL NOVIHO | : : : | CIVIL ACTION |
| v. | : : | NO.    15-3151 |
| LANCASTER COUNTY PENNSYLVANIA, et al. | : : | |

MEMORANDUM OPINION

SCHMEHL, J.   /s/ JLS                                                                                  June 2, 2016

  Plaintiff brought this 42 U.S.C. § 1983 civil rights action against defendants Lancaster County, Pennsylvania, Scott F. Martin ("Martin"), a Commissioner of Lancaster County, Todd E. Brown ("Brown"), an Assistant District Attorney with Lancaster County (the "Lancaster County defendants") and Christopher Dissinger ("Dissinger"), a detective with the Manheim Township Police Department, claiming that he was the victim of a political conspiracy that resulted in him being falsely arrested and maliciously prosecuted for his role in an horrific motor vehicle accident. Presently before the Court is are motions by Dissinger and the Lancaster County defendants to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motions are granted,

  To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint has facial plausibility when

1

there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 55 U.S. 662, 678 (2009). A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements are to be disregarded. Santiago v. Warminster Twp., 629 F. 3d 121, 128 (3d Cir. 2010).

In considering a motion to dismiss, the Court may also consider matters of public record, orders and exhibits attached to the complaint. See, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1384 n.2 (3d Cir. 1994).

The Complaint alleges that on November 12, 2012, at 6:50 p.m., plaintiff, a truck driver trainee with CR England Trucking, Inc., was operating a truck tractor that had completely stopped on the right hand shoulder of the northbound lanes of Route 222 in Manheim Township. (Compl. ¶ 13-14.) A truck trainer was seated beside plaintiff in the passenger seat. (Id.) Plaintiff accessed the right travel lane of Route 222 where the speed limit was 65 mph at a speed of 17.5 mph. (Id. ¶ 15.)

At the same time, Katie West ("West") was operating a 1996 Volkswagen Passat that was traveling northbound on Route 222. (Id. ¶ 16.) West is the sister of defendant Martin. (Id. ¶ 1.) Inside the Passat with West were her husband, Joshua West, their two year old son, Joshua Charles West and their daughter, Jocelyn West. (Id.) West crashed into the back of the truck tractor being operated by plaintiff resulting in the death of her husband and son. (Id. ¶¶ 18-19.) An eyewitness to the crash, James Schlinkman, observed that "[Plaintiff's truck] was in the process of reentering the road

shortly before the crash" and that "[plaintiff's] truck did not have any lights on and was traveling very slowly." (Id. ¶ 42.)

Following a seven month investigation, Dissinger, with the assistance of Brown, presented an arrest warrant, along with an affidavit of probable cause to a magisterial district judge. (Id. ¶ 25.) The Magistrate approved the request and issued an arrest warrant for the plaintiff based on the lead felony of homicide by vehicle. (ECF 20-1.) Plaintiff was ultimately charged with the following offenses:

> **Offense No. 1-Homicide by Vehicle (2 counts)**
> **Offense No. 2-Aggravated Assault by Vehicle (1 count)**
> **Offense No. 3-Periods for requiring lighted lamps (1 count)**
> **Offense No. 4-Minimum Speed Regulation (1 count)**
> **Offense No. 5-Vehicular hazard signal lamps (1 count)**
> **Offense No. 6-Moving stopped or parked vehicle (1 count)**

(Compl. ¶ 25.)

The parties agree that the first two offenses are felonies while the remaining offenses are summary offenses under the Pennsylvania Motor Vehicle Code. Following a six-day trial, a jury acquitted plaintiff of the two homicide by vehicle charges and the aggravated assault charge. (ECF 13.) Following the jury's verdict, the Honorable David L. Ashworth of the Court of Common Pleas of Lancaster County, sitting in judgment, found plaintiff guilty of the summary offenses of driving too slow for conditions (75Pa. Cons. Stat. Ann. § 3364(a)) driving without required vehicular hazard lamps (75 Pa. Cons. Stat. Ann. § 4305) and moving vehicle unsafely (75 Pa. Cons. Stat. Ann. § 3333. (Id.) Judge Ashworth found plaintiff not guilty of failure to use required lamps. (Id.) On February 17, 2016, plaintiff''s conviction on the three summary offenses was affirmed by a three judge panel from the Superior Court of Pennsylvania. (ECF 12-4.)

The Complaint alleges that Brown and Dissinger failed to include in the affidavit of probable cause certain exculpatory and contradictory information for plaintiff, including, inter alia, that: (1) at the time of the accident, West was speeding and driving under the influence of heroin and another prescription medication; (2) none of the four individuals in West's vehicle were properly restrained and that West never attempted to brake or take any other type of evasive action; (3) three witnesses advised police on the night of the crash that a woman at the crash scene reported that West's Passat had been travelling erratically at an excessive rate of speed just prior to the crash; (4) Dissinger and Brown credited the statements of three witnesses that the truck tractor reentered Route 222 without any headlights, taillights or other illumination while discrediting plaintiff and his trainer's statement that the truck tractor's headlights, taillights and four-way flashers were engaged while plaintiff attempted to reenter Route 222. (Id. ¶¶ 27-33.)

Plaintiff further alleges that "Defendant Martin exerted his political influence and control over Defendants Brown and Dissinger and, in doing so, each conspired, plotted, agreed and/or understood that no criminal charges would be filed against Defendant Martin's sister, West. Instead they each plotted, planned, agreed and/or understood that criminal charges would be filed against [plaintiff] despite the lack of probable cause to do so." (Id. ¶ 106.)

Count One of the Complaint asserts a claim against Dissinger under 42 U.S.C. 1983 for unlawful seizure, wrongful arrest and false imprisonment. Count Two asserts the same claim against Brown. Count Three asserts a claim against Dissinger for malicious prosecution. Count Four asserts a conspiracy claim under § 1983 against

Dissinger, Brown and Martin based on unlawful seizure, wrongful arrest and false imprisonment. Count Five asserts a conspiracy claim under § 1983 against Dissinger and Martin based on malicious prosecution. Count Six is a claim brought under <u>Monell v. Department of Social Svcs</u>., 436 U.S. 658, 691 (1978) against Lancaster County based on the alleged actions of Commissioner Martin in his capacity as a policymaker for Lancaster County.

**<u>Counts One and Two</u>**

In order to state a claim for unlawful seizure, wrongful arrest and false imprisonment under the Fourth Amendment, "a plaintiff must show that the arresting officer lacked probable cause to make the arrest." <u>Garcia v. County of Bucks</u>, 155 F.Supp. 2d 259, 265 (E.D. Pa. 2001). "Probable cause exists when the totality of the facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." <u>Id</u>. "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 636 (3d Cir. 1995).

A claim for false arrest will fail, however, if there was probable cause to arrest for at least one of the offenses involved. <u>Johnson v. Knorr</u>, 477 F.3d 75, 81-82 (3d Cir. 2007); <u>Barna v. City of Perth Amboy</u>, 42 F.3d 809, 819 (3d Cir. 1994)(holding that for an arrest to be justified, "[p]robable cause need only exist as to any offense that could be charges under the circumstances").

Plaintiff contends that because he was acquitted by a jury on the three felony charges that were the subject of the arrest warrant and the reason why he was seized,

he was arrested without probable cause. However, this argument ignores the fact that plaintiff was also convicted by Judge Ashworth on the three Motor Vehicle Code traffic offenses that arose from the same incident that gave rise to the three felony charges- - the motor vehicle accident on November 12, 2012. Plaintiff does not contend that there was no probable cause to arrest for any of the three traffic offenses.  Accordingly, plaintiffs false arrest claims against Dissinger and Brown should be dismissed

Plaintiff argues, however, that he was subject to an illegal seizure under the Fourth Amendment because the summary offenses were not included in the arrest warrant and were not committed in the presence of the arresting officer as required by Pennsylvania law.

In <u>United States v. Laville</u>, 480 F. 3d 187 (3d Cir. 2007), our Court of Appeals made clear that in evaluating whether one's Fourth Amendment right's were violated, the "test is one of federal law" and "it is reasonableness that is the central inquiry under the Fourth Amendment." <u>Id</u>. at 193-94. Under the federal test, "probable cause exists whenever reasonable trustworthy information or circumstances within an arresting officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed by the person being arrested." <u>Id</u>. at 194.

"Following <u>Laville</u>, courts in this Circuit have recognized that the probable cause required to extinguish a false arrest claim under the Fourth Amendment is a separate inquiry from the procedures and individual state authorizes by statute." <u>Huff v. Cheltenham Twp.</u>, No. 14-5555, 2015 WL 4041963 (E.D. Pa. July 1, 2015) citing <u>Levine v. Rodden</u>, No. 15-cv-574, 2015 WL 2151781, at *5 (E.D. Pa. May 7, 2015)("[W]hile

**6**

Pennsylvania Rule of Criminal Procedure 502 prohibits warrantless arrests for misdemeanors committed outside the presence of the arresting officer, Rule 502 alone does not automatically imply a similar prohibition in the United States Constitution that could become the basis for a Section 1983 claim,"); Milbourne v. Baker, No, 11-cv-1866, 2012 WL 1889148, at * 9 (E.D. Pa. May 23, 2012)("Plaintiff has conflated Count I and Count II. She argues that her arrest was an unconstitutional seizure because it violated Pennsylvania's prohibition on warrantless arrests for misdemeanors committed outside the presence of the officer. The Pennsylvania rule is inapposite to the constitutional question."). Simply put, "the Fourth Amendment does not require an arrest warrant for a minor criminal violation." Hughes v. Shestakov, 76 F. App'x 450, 451 (3d Cir. 2003).

Rather, the Fourth Amendment only requires that the arresting officers had probable cause to arrest plaintiff for any offense that could have been charged under the circumstances. The fact that Judge Ashworth found plaintiff guilty on the three summary offenses clearly confirms that Dissinger and Brown had probable cause to arrest plaintiff for the summary offenses which were requirements of and resulted out of the same inextricably intertwined facts as the three felony charges. Therefore, because Dissinger and Brown had probable cause to arrest plaintiff for those three offenses that were charged under the circumstances, his Fourth Amendment rights could not have been violated. Accordingly, Counts One and Two must be dismissed.

**Count Three**

Turning to plaintiff's malicious prosecution claim against Dissinger in Count Three, the Court notes that a malicious prosecution action under section 1983, for

7

violation of the Fourth Amendment, requires that (1) the defendant initiated a criminal proceeding, (2) the proceeding ended in plaintiff's favor, (3) the defendant initiated the proceeding without probable cause, (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding. Johnson, 477 F. 3d at 82-83 (3d Cir. 2007). Failure to meet any element is fatal to the claim. Kossler v. Crisanti, 564 F. 3d 181, 186 (3d Cir. 2009)(en banc).

    Dissinger argues that the allegations in the Complaint do not satisfy the favorable termination requirement. To meet that requirement, "a prior criminal case must have been disposed of in a way that indicates the innocence of the accused." Id. at 187. The plaintiff's innocence may be shown if his criminal proceeding was terminated by a discharge by a magistrate at a preliminary hearing, the refusal of a grand jury to indict, the formal abandonment of the proceedings by the public prosecutor, the quashing of an indictment or information, an acquittal, or a final order in favor of the accused by a trial or appellate court. Id. The purpose of the "favorable termination" requirement is to avoid the possibility that a claimant may file a successful tort action despite having been convicted in the underlying criminal prosecution. See Heck v. Humphrey, , 512 U.S. 477, 484 (1994); Gilles v. Davis, 427 F. 3d 197, 208-09 (3d Cir. 2005).

    Plaintiff argues that because he was acquitted by a jury on the three felony charges, the proceedings terminated in his favor, despite the fact that he was found guilty on the three summary offenses by Judge Ashworth. In determining whether the proceedings resulted in plaintiff's favor, the Court must examine whether the judgment

as a whole reflects a defendant's innocence. Kossler, 564 F.3d at 188. A Court makes this determination by considering whether all of the charges arose from the same course of conduct. Id. Here all the charges, including the summary offenses, are clearly predicated on the same factual basis ---plaintiff's actions and conduct in the motor vehicle accident of November 12, 2012.  Indeed, in order to be convicted of any of the three felony offenses with which defendant was charged, a jury would have to find that defendant committed a violation of the Motor Vehicle Code. See  75 Pa. Cons. Stat. Ann. § 3732(A) and 75 Pa. Cons. Stat. Ann. § 3732.1(A). Since plaintiff was found guilty on the three summary offenses, it is the Court's opinion that the judgment as a whole does not reflect plaintiff's innocence. As stated by the Third Circuit in Kossler, "[plaintiff's] acquittal on the aggravated assault [felony] and public intoxication charges [summary offense] cannot be divorced from his simultaneous conviction for disorderly conduct [summary offense] when all three charges arose from the same course of conduct." Id. at 188.  Pursuant to the reasoning of Kossler, plaintiff's acquittal by a jury on the three felony charges cannot be divorced from his simultaneous conviction by a judge for the three summary offenses, when all of the charges arose from the plaintiff's role in the motor vehicle accident. As a result, plaintiff cannot satisfy the favorable termination requirement.

Plaintiff also attempts to attach significance to the fact that the felony charges were decided by a jury, while the summary offenses were decided by a judge. Plaintiff has not cited, nor has the Court's research located, any case that finds this to be a determinative factor or lead to a different result in the favorable termination analysis. Indeed, it is required in Pennsylvania for a defendant's felony charges to be decided by

a jury and a the summary offenses to be decided by a judge. See, e.g. Commonwealth v. Barger, 956 A.2d 458, 459 (Pa. Super. 2008). The judge rendered his decision on the summary offenses immediately following the jury's verdict based on the same evidence that was put before the jury.

Since plaintiff cannot satisfy the favorable termination requirement, his claim for malicious prosecution must be dismissed.

**Counts Four through Six**

Having dismissed Counts One through Three of the Complaint, the Court finds there is no longer any basis to support the derivative conspiracy claims in Counts Four and Five as well as the *Monell* claim in Count Six. Accordingly, Counts Four through Six of the Complaint will also be dismissed.